[No. E033737. Fourth Dist., Div. Two. Feb. 13, 2004.]

THE PEOPLE, Plaintiff and Appellant, v.
JAMES EDWARD HENDERSON, Defendant and Respondent.

**COUNSEL**

Grover Trask, District Attorney, and Raquel A. Marquez, Deputy District Attorney, for Plaintiff and Appellant.

Michele A. Douglass, under appointment by the Court of Appeal, for Defendant and Respondent.

**OPINION**

**GAUT, J.—**

## 1. Introduction

The People appeal from a judgment dismissing a criminal complaint against defendant James Henderson, who was charged with first degree burglary and assault with a deadly firearm. The People claim that, on the date scheduled for the preliminary hearing, the magistrate had no authority to dismiss the complaint because the prosecutor failed to show good cause for a continuance as required under Penal Code section 1050.[1] The People specifically argue that, although a trial court has the authority to dismiss an action under certain circumstances, including those specified in sections 1385 and 871, the court lacks the authority to dismiss an action under any statute, even when the prosecutor fails to satisfy the requirements for a continuance under section 1050, so long as the requested date falls within the statutory period required for a preliminary hearing under section 859b.

In adopting the rationale applied in the cases involving the speedy trial statute, we conclude that a dismissal of a complaint for noncompliance with the requirements for a continuance within the time limits set forth in the preliminary hearing statute would not be in the furtherance of justice. The magistrate had no authority to dismiss the complaint under the circumstances in this case. We reverse the judgment.

---

[1] All further statutory references will be to the Penal Code.

## 2. Factual and Procedural History

On October 1, 2001, the Riverside County District Attorney filed a felony complaint charging defendant with a first degree burglary[2] and an assault with a deadly weapon.[3] The complaint served as an arrest warrant, which was executed on the following day.

During his arraignment on October 29, 2002, defendant pled not guilty and the matter was set for a preliminary hearing on November 12, 2002. On that date, defendant's attorney declared a conflict and the court appointed new counsel. After defendant waived time, the court rescheduled the hearing for December 18, 2002. On defendant's request, the court continued the case two additional times. Defendant was out on bail by the December 18, 2002 hearing.

On the date of the rescheduled hearing on February 6, 2003, the prosecutor informed the court that the victim and one of the two officers who were scheduled to provide testimony during the hearing were not present. The missing officer would have been able to identify defendant. The prosecutor explained that her files reflected that a subpoena was mailed to the victim, but there was nothing to indicate that the victim actually received the subpoena. The prosecutor also explained that while she had intended to present the officers' testimony under Proposition 115, she was advised to proceed with the preliminary hearing with the victim's testimony. The prosecutor requested that the court trail the matter until the afternoon. The court granted the request.

In the afternoon, the prosecutor informed the court that she was unable to contact or locate the victim. The prosecutor therefore asked to continue the matter in light of the fact that defendant already had waived time plus 14 days.

Upon further inquiry by the court, the prosecutor admitted that, while the district attorney's office had mailed the victim a subpoena prior to the February 6, 2002 hearing, the prosecutor had failed to make any additional efforts to secure the victim's presence. Without its witnesses, the prosecution was unprepared to proceed. Defendant's attorney, however, announced ready.

---

[2] Section 459.

[3] Section 245, subdivision (a)(1).

The court then discussed its duty and practice in regards to addressing a request for a continuance. The court explained that, when counsel do not agree to a continuance, the court must determine whether the party seeking the continuance has shown good cause as required under section 1050. Based on the circumstances, the court found that the prosecutor had failed to show good cause. The court denied the prosecutor's request for a continuance. Because the prosecutor was not ready to proceed, the court dismissed the case.

The People moved to reinstate the complaint under section 871.5. The court returned the case to the previous judge to clarify its dismissal order. The magistrate judge explained that he relied on the authority in section 1050 and the reasoning in *People v. Alvarez*.[4] After considering the magistrate judge's clarification and the People's argument, the court denied the motion to reinstate the complaint.

The People appeal from the court's order dismissing the case and the subsequent order denying the motion to reinstate the complaint.

### 3. Discussion

The People claim that the magistrate judge had no authority under section 1050 or any other law to dismiss the complaint based on the prosecutor's failure to demonstrate good cause to continue the preliminary hearing when the request was made within the 60-day period specified in section 859b.

Section 859b provides, in part:

"At the time the defendant appears before the magistrate for arraignment, if the public offense is a felony to which the defendant has not pleaded guilty in accordance with section 859a, the magistrate, immediately upon the appearance of counsel, or if none appears, after waiting a reasonable time therefor as provided in Section 859, shall set a time for the examination of the case and shall allow not less than ten days . . . .

"Both the defendant and the people have the right to a preliminary examination at the earliest possible time, and unless both waive that right or

---

[4] *People v. Alvarez* (1989) 208 Cal.App.3d 567, 577–578 [256 Cal.Rptr. 289] (hereafter *Alvarez*).

good cause for a continuance is found as provided for in Section 1050, the preliminary examination shall be held within 10 court days of the date the defendant is arraigned or pleads, whichever occurs later, or within 10 court days of the date criminal proceedings are reinstated pursuant to Chapter 6 (commencing with Section 1367) of Title 10 of Part 2.

"Whenever the defendant is in custody, the magistrate shall dismiss the complaint if the preliminary examination is set or continued beyond 10 court days from the time of the arraignment, plea, or reinstatement of criminal proceedings . . . , and the defendant has remained in custody for 10 or more court days solely on that complaint, unless either of the following occur:

"(a) The defendant personally waives his or her right to preliminary examination within the 10 court days.

"(b) The prosecution establishes good cause for a continuance beyond the 10-court-day period. [¶] . . . [¶]

"The magistrate shall dismiss the complaint if the preliminary examination is set or continued more than 60 days from the date of the arraignment, plea, or reinstatement of criminal proceedings . . . , unless the defendant personally waives his or her right to a preliminary examination within the 60 days."[5]

■ In reviewing this and other statutory provisions, we are mindful of the rules governing statutory interpretation. The most important canon of statutory construction is that each statute must be interpreted to give effect to the Legislature's intent.[6] When the language of the statute is clear and unambiguous, the words should be given their plain and ordinary meaning.[7] Furthermore, every statute must be construed within its statutory scheme to give effect to each provision and to harmonize the entire statutory scheme.[8]

■ Under section 859b, a defendant who is charged with a felony and is in custody has an absolute right to a preliminary examination within 10 court

---

[5] Section 859b.

[6] *People v. Statum* (2002) 28 Cal.4th 682, 689 [122 Cal.Rptr.2d 572, 50 P.3d 355].

[7] *People v. Statum, supra,* 28 Cal.4th at pages 689–690.

[8] See *Landrum v. Superior Court* (1981) 30 Cal.3d 1, 14 [177 Cal.Rptr. 325, 634 P.2d 352].

days after the arraignment or one of the other enumerated circumstances.[9] If the court fails to conduct the preliminary examination within the 10-day period, the in-custody defendant is entitled to a dismissal.[10] While the same 10-day requirement applies to an out-of-custody defendant, the mandatory dismissal rule does not.[11] If the court fails to conduct the preliminary examination within the 10-day period for an out-of-custody defendant, the defendant may obtain dismissal only upon a showing that actual prejudice resulted from the delay.[12]

As stated in the statute, the exceptions to the 10-day requirement include a personal waiver by the defendant or a showing of good cause for a continuance by the prosecution.[13] The language of the statute makes clear that only one of these conditions is required. Thus, if the defendant waives the 10-day requirement, then the prosecution has no obligation to demonstrate good cause for a continuance within the 10-day period.

Once the defendant waives the 10-day period, no additional waiver is required so long as the court schedules the preliminary hearing within 60 calendar days. In *Alvarez*, this court made the following observations: "After a defendant, who is not in custody, initially has waived his or her right to a preliminary hearing within 10 court days of his or her arraignment or plea, the only remaining requirement of section 859b to preclude dismissal is that the preliminary hearing be set within 60 days from the date of the arraignment or plea. If the preliminary hearing is not set within the 60-day period, the magistrate is required pursuant to section 859b to dismiss the complaint, 'unless the defendant personally waives his or her right to a preliminary hearing within the 60 days.' "[14] As with a violation of the initial 10-day requirement, a violation of the alternative 60-day requirement gives the court "no choice other than to dismiss."[15]

Within the 60-day period, section 859b does not require any additional waivers. If a continuance is requested within this time frame, the court is not required to obtain another waiver to avoid a dismissal.[16]

Similarly, section 859b does not require the prosecutor to establish good cause to continue the hearing to a date within the 60-day period. In *Alvarez*,

---

[9] See *People v. Kowalski* (1987) 196 Cal.App.3d 174, 178 [242 Cal.Rptr. 32].

[10] Section 859b; see also *Landrum v. Superior Court, supra,* 30 Cal.3d at page 14.

[11] See *People v. Luu* (1989) 209 Cal.App.3d 1399, 1405 [258 Cal.Rptr. 10].

[12] See *People v. Luu, supra,* 209 Cal.App.3d at page 1407.

[13] Section 859b, subdivisions (a) and (b).

[14] *Alvarez, supra,* 208 Cal.App.3d at page 572.

[15] *People v. Mackey* (1985) 176 Cal.App.3d 177, 184 [221 Cal.Rptr. 405].

[16] *Alvarez, supra,* 208 Cal.App.3d at page 572.

the People argued that, "even if a showing of good cause is required for a continuance, a failure to show good cause would not mandate dismissal under section 859b where the preliminary hearing is held within the 60 days as provided in section 859b."[17] In agreeing with the People's argument, we explained that "the requirement of section 859b that either a waiver be obtained or . . . a showing of good cause be demonstrated refers to a waiver or to good cause for the continuance *of the initial 10-court-day period* in which the preliminary examination must be held."[18] We further explained that "Section 859b by its terms does not require that the People either demonstrate good cause for a second continuance or that the complaint shall be dismissed if the People fail to do so, if the defendant initially has waived his or her right to a preliminary examination within 10 court days, the requested continuance is within the 60-day period and the defendant is not in custody."[19]

Our reasoning in *Alvarez* flowed naturally from this principle of statutory construction: " '*expressio unius est exclusio alterius.*' " "When the Legislature has carefully employed a term in one place but has excluded it in another, the term should not be implied where it does not appear. [Citation.]"[20] While the exceptions listed in subdivisions (a) and (b) of section 859b apply to the 10-court-day requirement, the same exceptions have no separate application to the 60-calendar-day requirement. Therefore, as we concluded in *Alvarez*, nothing in the language of section 859b requires a subsequent waiver by the defendant or a showing of good cause for a continuance by the prosecution within the 60-day period.[21]

■ Because section 859b does not require a showing of good cause for a continuance when the defendant has waived his right to have a preliminary hearing within 10 days of his arraignment or plea, if the prosecution requests a continuance and fails to show good cause, nothing in section 859b requires a dismissal of the complaint. "Section 859b by its terms *does not require* the court to dismiss an action, if the defendant, who is not in custody, waives his or her right to a preliminary hearing within 10 court days of defendant's arraignment or plea, the People request a continuance within the 60-day limit of section 859b, and the preliminary hearing is held within that 60-day period. On the other hand, *neither does section 859b preclude a dismissal*

---

[17] *Alvarez, supra*, 208 Cal.App.3d at pages 574–575.

[18] *Alvarez, supra*, 208 Cal.App.3d at page 575.

[19] *Alvarez, supra*, 208 Cal.App.3d at page 575, italics omitted.

[20] *Fischer v. Los Angeles Unified School Dist.* (1999) 70 Cal.App.4th 87, 97 [82 Cal.Rptr.2d 452].

[21] *Alvarez, supra*, 208 Cal.App.3d at pages 572–573, 575.

pursuant to any authority or power available to the court for failure to show good cause as required by section 1050, even though the requested continuance is within the 60-day limit provided by section 859b."[22]

The question left open in *Alvarez*, therefore, is whether some other statute provides authority to dismiss the case if the prosecution fails to show good cause as required by section 1050. In *Alvarez*, the People requested a continuance on the ground that the criminologist was unavailable to testify. Over the defendant's objection that the People had failed to demonstrate good cause, the magistrate granted the continuance. In *Alvarez*, this court affirmed the magistrate's decision that the People satisfied its burden of showing good cause for the continuance.[23]

Here, however, the magistrate found that the People failed to establish good cause for a continuance. The court therefore denied the People's motion and then dismissed the matter because the People were not ready to proceed. This case presents the question of whether there is some other statutory basis for dismissal when the People have failed to demonstrate good cause for a continuance as required under section 1050, where continuance is requested within the 60-day period provided by section 859b.

A. *Section 1050*

In this case, the only statute relied upon by the magistrate was section 1050. The People argue that the court abused its discretion under section 1050 because the prosecutor satisfied the good cause requirement and, alternatively, even if the prosecutor failed to show good cause, the statute did not authorize the court to dismiss the action.

█ A trial court exercises broad discretion in determining whether good cause exists to grant a continuance under section 1050.[24] Under that section, a party seeking a continuance must file and serve notice of its motion at least two court days before the scheduled hearing unless the party demonstrates good cause for failing to comply with the notice requirement.[25] If the party fails to justify its noncompliance with the notice requirements, the court may impose sanctions under section 1050.5, which will be discussed later.[26]

[22] *Alvarez, supra*, 208 Cal.App.3d at page 578.
[23] *Alvarez, supra*, 208 Cal.App.3d at page 578.
[24] See *People v. Jenkins* (2000) 22 Cal.4th 900, 1037 [95 Cal.Rptr.2d 377, 997 P.2d 1044].
[25] Section 1050, subdivisions (b), (c), and (d).
[26] Section 1050, subdivision (c).

■ When the motion is properly before the court, the court must determine whether good cause exists for granting the continuance.[27] "Neither the convenience of the parties nor a stipulation of the parties is in and of itself good cause."[28] A showing of good cause requires that the party seeking a continuance has prepared for trial with due diligence.[29] Particularly, when the party seeks a continuance to secure a witness's testimony, the party must show that he exercised due diligence to secure the witness's attendance, that the witness would be available to testify within a reasonable time, that the testimony was material and not cumulative.[30] "The court considers ' "not only the benefit which the moving party anticipates but also the likelihood that such benefit will result, the burden on the other witnesses, jurors and the court and, above all, whether substantial justice will be accomplished or defeated by granting of the motion." ' [Citation.] The trial court's denial of a motion for continuance is reviewed for abuse of discretion."[31]

In applying the deferential abuse of discretion standard to the facts in this case, we cannot conclude that the trial court's finding that the People failed to show good cause fell outside the bounds of reason.[32] While the People's reason that the victim was unavailable to testify may justify a continuance, the court's inquiry into the matter revealed that the prosecutor failed to exercise due diligence in securing the witnesses' presence for the preliminary hearing. The prosecutor admitted that, aside from mailing a subpoena, nothing was done before the date of the scheduled preliminary hearing to contact the victim and secure his testimony. The prosecutor also failed to provide any explanation for the absence of the officer who would have been able to identify defendant. Based on the prosecutor's lack of diligence, the court properly found that the People had failed to demonstrate good cause for a continuance.

After determining that the court's denial of the People's motion to continue the case was not an abuse of discretion, we must now decide whether the court selected the proper remedy.

■ Nothing in sections 1050 and 1050.5 authorizes the trial court to dismiss a case after denying a motion for continuance. Section 1050 is not mandatory, but "directory only and contains no provision for the dismissal of a case when its terms are not complied with."[33]

---

[27] Section 1050, subdivision (e).

[28] Section 1050, subdivision (e).

[29] *People v. Jenkins, supra,* 22 Cal.4th at page 1037.

[30] *People v. Jenkins, supra,* 22 Cal.4th at page 1037.

[31] *People v. Jenkins, supra,* 22 Cal.4th at page 1037.

[32] See *People v. Jones* (1998) 17 Cal.4th 279, 318 [70 Cal.Rptr.2d 793, 949 P.2d 890].

[33] *Malengo v. Municipal Court* (1961) 56 Cal.2d 813, 816 [17 Cal.Rptr. 10, 366 P.2d 453]; see also *People v. Stowell* (2003) 31 Cal.4th 1107, 1114 [6 Cal.Rptr.3d 723, 79 P.3d 1030].

Section 1050.5, subdivision (b), lists the available sanctions for failing to comply with the procedural requirements of section 1050, including a fine not exceeding one thousand dollars, a report with an appropriate disciplinary committee, and "[t]he authority to impose sanctions provided for by this section shall be in addition to any other authority or power available to the court."[34] While this last clause allows the court to rely on other sources of authority, section 1050.5 itself does not contain a provision specifically authorizing the court to dismiss an action after finding no good cause for a continuance. The court therefore had no authority under sections 1050 and 1050.5 to dismiss the present action.

In 2003, the State Legislature enacted a new law, Assembly Bill No. 1273, amending sections 1050 and 1050.5. Assembly Bill No. 1273 added subdivision (1) to section 1050. The new provision states: "This section is directory only and does not mandate dismissal of an action by its terms." Assembly Bill No. 1273 also changed section 1050.5, subdivision (b) by adding certain language, as underscored in the following: "The authority to impose sanctions provided for by this section shall be in addition to any other authority or power available to the court, except that the court or magistrate shall not dismiss the case."

The bill analysis for the Senate Committee on Public Safety hearing included, under the heading, "Codification of Case Law," the following comments: "Penal Code section 1050 allows for the continuance of a criminal proceeding upon a showing of good cause. According to the sponsor, courts have apparently dismissed cases after the prosecutor has failed to establish good cause to continue the trial of the matter even though it was still within the 60-day statutory speedy trial period. In *People v. Ferguson* (1990) 218 Cal.App.3d 1173 [267 Cal.Rptr. 528], the Court of Appeal stated, 'Section 1050 governs continuance and is based on the premise that criminal proceedings shall be set for trial and be heard and determined at the earliest possible time. Section 1050 is directory only and does not mandate any dismissal of an action by its terms.' This bill codifies this principle. Thus, under this bill a case could not be dismissed as a sanction for failing to comply with the rules governing continuances if the statutory time for a speedy trial has not run."[35] The legislative materials again clearly state that Assembly Bill No. 1273 "codifies existing case law which provides that the courts may not dismiss a case due to a failure to meet the good cause requirements for a continuance, before the expiration of the 60-day statutory limit."[36]

---

[34] This section has been amended in 2003, as discussed below.

[35] Senate Committee on Public Safety, Analysis of Assembly Bill No. 1273 (2003–2004 Reg. Sess.) as amended May 1, 2003, pages 5–6.

[36] Senate Rules Committee, Office of Senate Floor Analysis, 3d reading analysis of Assembly Bill No. 1273 (2003–2004 Reg. Sess.) as amended May 1, 2003, page 1.

While defendant may argue that the legislation effectively changed existing law, the amendments are entirely consistent with the cases below that show that a dismissal is a disfavored and possibly unauthorized remedy in circumstances such as the one presented here.

### B. *Section 1385*

The People also argue that section 1385 does not provide authority to dismiss the complaint for failure to show good cause for a continuance that is requested within the statutory period under section 859b.

Section 1385, as with other potential sources of judicial power, contains a limitation that generally prevents the use of dismissals under these circumstances. Section 1385 allows the court to dismiss an action "in furtherance of justice."[37] To give effect to this language in section 1385, courts must balance the constitutional rights of the defendant against the interests of society as represented by the People.[38] Society has a legitimate interest in the prosecution of crimes in accordance with fair and lawful procedures.[39] Therefore, dismissing a criminal complaint under section 1385 in a case where there is probable cause that the defendant committed the offense is a disfavored practice among appellate courts.[40]

Specifically, courts have rejected the application of section 1385 to dismiss cases before trial after a failed request for a continuance made within the statutory period.[41] While these cases involve the speedy trial statute, section 1382, the same analysis applies to section 859b.

Before discussing the speedy trial cases, a brief overview of section 1382 would be helpful. Section 1382 provides that a case must be brought to trial within certain time limits, depending on the nature of the crime and the defendant's custodial status. Whenever the trial is scheduled beyond the

---

[37] Section 1385, subdivision (a).

[38] *People v. Orin* (1975) 13 Cal.3d 937, 945 [120 Cal.Rptr. 65, 533 P.2d 193] *(Orin)*.

[39] *Orin, supra,* 13 Cal.3d at page 947.

[40] *Orin, supra,* 13 Cal.3d at pages 946–947.

[41] *People v. Kessel* (1976) 61 Cal.App.3d 322 [132 Cal.Rptr. 126]; *People v. Ferguson* (1990) 218 Cal.App.3d 1173 [267 Cal.Rptr. 528] *(Ferguson)*; *People v. Arnold* (1980) 105 Cal.App.3d 456, 459 [164 Cal.Rptr. 367]; *People v. Rubaum* (1980) 110 Cal.App.3d 930 [168 Cal.Rptr. 291] *(Rubaum)*; *People v. Hernandez* (1979) 97 Cal.App.3d 451 [158 Cal.Rptr. 742] *(Hernandez)*; *People v. Flores* (1978) 90 Cal.App.3dSupp. 1 [152 Cal.Rptr. 896].

time limit, by the defendant's request or consent, but without a general waiver, the defendant must be brought to trial on the scheduled date or within 10 days thereafter.[42]

In *Hernandez*,[43] the defendants, who were charged with robbery, consented to a trial date of August 10, 1978, which was beyond the 60-day limit under section 1382, subdivision (a)(2). When the case was called for trial on August 17, 1978, the prosecutor announced that he was not ready to proceed because the robbery victim was unavailable and requested another trial date within the 10-day grace period of section 1382, subdivision (a)(2)(B). Based on the prosecutor's dilatory efforts in locating the victim, the court denied the motion for continuance and dismissed the case.

In reversing the trial court's decision, the appellate court relied on the mandatory language in section 1382 prohibiting the dismissal of cases brought to trial within the statutory period or 10 days afterwards. The court observed, "[n]o showing of good cause by the prosecution is necessary for a continuance to a date which is within the 10-day grace period. [Citations.] The statutory grace period is an exception to the good cause requirement in the introductory clause of the statute. [Citation.]"[44]

In response to the People's alternative argument under section 1385, the court in *Hernandez* said, "the Legislature has specifically determined in section 1382 that 10 days is a reasonable time in which to bring to trial a defendant who has consented to a postponement beyond the original 60-day period. A dismissal within the 10-day period would be contrary to legislative policy and thus not in furtherance of justice. [Citations.]"[45]

In *Rubaum*,[46] the defendant was charged with prostitution and pled not guilty. Under section 1382, subdivision (a)(3), the case had to be tried within 45 days after the defendant's arraignment or plea because the defendant was not in custody and the case involved a misdemeanor offense. Within the 45-day period, the prosecutor requested that the case be trailed to a date also within the statutory period because the prosecution's sole witness was unavailable to testify until that time. The prosecutor argued that a showing of good cause was not required for a continuance within the 45-day period. The trial court rejected the prosecutor's argument, found that the prosecutor failed to show good cause, and dismissed the case under section 1385.

---

[42] Section 1382, subdivision (a)(2)(B) and (a)(3)(B).
[43] *Hernandez, supra*, 97 Cal.App.3d 451.
[44] *Hernandez, supra*, 97 Cal.App.3d at pages 454–455.
[45] *Hernandez, supra*, 97 Cal.App.3d at page 455.
[46] *Rubaum, supra*, 110 Cal.App.3d 930.

Relying on *Hernandez* and other precedent, the appellate court reversed the trial court's decision.[47] The appellate court noted that section 1050, the provision governing continuances, did not mandate a dismissal.[48] The court also stated that while 1385, like section 1382, authorized dismissals under certain circumstances, a dismissal would have amounted to an abuse of discretion under these circumstances.[49] "Section 1385 requires that the dismissal of an action be 'in furtherance of justice' and that the court set forth its reasons for dismissal in an order entered upon the minutes. The cases of *Hernandez* and *Arnold* [50] have specifically held that a dismissal within the 10-day grace period set forth in section 1382 is against legislative policy and thus *not* in furtherance of justice. This 10-day grace period is only activated if the defendant has consented to a trial date *beyond* the time limits set in section 1382. Obviously a continuance date within the specified time limits should not render the case subject to dismissal if a continuance within the 10-day grace period does not do so."[51]

In *Ferguson*,[52] which was cited by the Legislature to support the 2003 amendments to sections 1050 and 1050.5, the appellate court also reversed the trial court's dismissal of a drug case after denying the People's motion to trail the case to a date within the 10-day grace period under section 1382, subdivision (a)(2)(B). In quoting from *Orin*, the *Ferguson* court emphasized that " '*appellate courts have shown considerable opposition to the granting of dismissals under section 1385 in instances where the People are thereby prevented from prosecuting defendants for offenses of which there is probable cause to believe they are guilty as charged. Courts have recognized that society, represented by the People, has a legitimate interest in "the fair prosecution of crimes properly alleged." [Citation.] " '[A] dismissal which arbitrarily cuts those rights without a showing of detriment to the defendant is an abuse of discretion.' [Citations.]" [Citation.]*'."[53]

The *Ferguson* court also observed that the defendant failed to show any detriment. "He was an out-of-custody defendant who until the moment of the instant hearing seemed in no rush to get to trial."[54] The court found that the record revealed no detriment to the defendant, that the prosecution provided the court with reasonable alternatives to dismissal, and that requested trial

---

[47] *People v. Flores, supra*, 90 Cal.App.3dSupp. 1.

[48] *Rubaum, supra*, 110 Cal.App.3d at page 935, citing *Malengo v. Municipal Court, supra*, 56 Cal.2d at pages 815–816.

[49] *Rubaum, supra*, 110 Cal.App.3d at pages 934, 935.

[50] *People v. Arnold, supra*, 105 Cal.App.3d 456.

[51] *Rubaum, supra*, 110 Cal.App.3d at page 935.

[52] *Ferguson, supra*, 218 Cal.App.3d 1173.

[53] *Ferguson, supra*, 218 Cal.App.3d at page 1182.

[54] *Ferguson, supra*, 218 Cal.App.3d at page 1183.

date was well within the statutorily required 10-day period.[55] As in the earlier decisions, the court in *Ferguson* concluded that a dismissal under these circumstances within the statutory period was not in the furtherance of justice. " '[I]n view of the fundamental right of the People to prosecute defendants upon probable cause to believe they are guilty [citations], neither judicial convenience, court congestion, nor judicial pique, no matter how warranted, can supply justification for an order of dismissal.' [Citation.]"[56]

■■ While the statutes governing a timely trial and a timely preliminary hearing vary significantly, the reasoning in the speedy trial cases concerning the application of section 1385 to dismiss a case for failure to show good cause for a continuance within the statutory period also applies to the preliminary hearing cases. While section 1382 specifically states that the court may not dismiss a case under certain circumstances as in the cases above, section 859b contains no similar limitation.[57] Nevertheless, because both statutes do not authorize the court to dismiss an action, the People are forced to rely on alternative grounds, usually section 1385. While the prohibition against dismissal in section 1382 makes it easier to find that a dismissal would not be in the furtherance of justice, both sections 1382 and 859b establish statutory limits to safeguard a defendant's constitutional right to a speedy trial.[58] As has been said about the statutory limits in section 1382,[59] the statutory periods established in section 859b indicate a legislative policy that such periods constitute a reasonable time. In the speedy trial cases, the courts have held that a criminal case, based on society's legitimate interest in prosecuting crimes, should not be subject to dismissal where the People have asked to continue the case to a date within the statutory period. We see no reason to limit this holding to the speedy trial cases. We conclude that the trial court has no authority to dismiss an action, even when the People have failed to show good cause for a continuance under section 1050, so long as the requested date for the preliminary hearing is within the statutory time limit established in section 859b.

We are mindful that this conclusion may place courts in a difficult situation where, after finding no good cause to justify a continuance, they are compelled to deny the continuance under section 1050, but cannot dismiss the case when the prosecutor is not ready to proceed. However, other sanctions are available under section 1050.5 when the prosecutor fails to comply with the procedural requirements of section 1050, subdivision (b). In a similar

---

[55] *Ferguson, supra*, 218 Cal.App.3d at page 1183.

[56] 56 *Ferguson, supra*, 218 Cal.App.3d at page 1183.

[57] See *Alvarez, supra*, 208 Cal.App.3d at pages 577, 578.

[58] See *In re Samano* (1995) 31 Cal.App.4th 984, 991 [37 Cal.Rptr.2d 491].

[59] See *Ferguson, supra*, 218 Cal.App.3d at pages 1180–1181; *Rubaum, supra*, 110 Cal.App.3d at page 934.

context, one court noted that dismissal "is not appropriate, and lesser sanctions must be utilized by the trial court, unless the effect of the prosecution's conduct is such that it deprives the defendant of the right to a fair trial. [Citation.]"[60]

Conduct which may, but not always, provide grounds for dismissal is bad faith by the prosecutor.[61] "It was never the intent of the cases cited by the People to shift the control of the calendar from the court to the prosecutor. The instant case is an example of a flagrant abuse of the holding of *Rubaum* [], and other established case law which places control of the courtroom in the hands of the court. Accordingly, when a request for a continuance is based solely upon an attempt by the prosecutor to usurp the inherent right of the court to control the courtroom—such a continuance is properly denied."[62]

 Unless the prosecutor's conduct rises to the level of depriving defendant of his constitutional right to a fair trial, the trial court may not dismiss an action under section 1385 after finding no good cause for a continuance under section 1050, when the requested date falls within the statutory time limits established by the Legislature in section 859b. While the court is not required to reschedule the hearing to the requested date, where the prosecutor has failed to show good cause to justify the request, the court must nevertheless postpone the hearing to another date within the statutory period. If the defendant has waived time, as in this case, the court must set a date within that period of time. While the court retains its inherent authority to control its calendar and manage all the proceedings before it,[63] it may be prudent to acquiesce to a reasonable request in order to avoid repeated motions for continuance.

In this case, nothing in the record suggests that defendant would have been denied a fair trial by the additional delay. Defendant expressly waived the 10-day statutory period plus 14 days. Also, much of the delay between the arraignment and the preliminary hearing was caused by defendant rather than the People. After defendant's counsel declared a conflict, the court appointed new counsel. Defendant also successfully requested two additional continuances. Moreover, defendant was not in custody at the time of the scheduled preliminary hearing on February 6, 2003. At the hearing, defendant made no

---

[60] *Derek L. v. Superior Court* (1982) 137 Cal.App.3d 228, 235 [186 Cal.Rptr. 870] (discussing juvenile equivalent to section 1385, Welfare and Institutions Code section 782).

[61] See *Derek L. v. Superior Court, supra,* 137 Cal.App.3d at page 235; see also *People v. Torres* (1984) 159 Cal.App.3dSupp. 8, 12–13 [206 Cal.Rptr. 537]; see also *Oberholzer v. Commission on Judicial Performance* (1999) 20 Cal.4th 371, 399–400 [84 Cal.Rptr.2d 466, 975 P.2d 663].

[62] *People v. Torres, supra,* 159 Cal.App.3dSupp. at page 13.

[63] See *Rutherford v. Owens-Illinois, Inc.* (1997) 16 Cal.4th 953, 967 [67 Cal.Rptr.2d 16, 941 P.2d 1203].

request for dismissal, rather, the court dismissed the action on its own motion. As in *Ferguson*, defendant "was an out-of-court defendant who until the moment of the instant hearing seemed in no rush to get to trial."[64]

The record also shows that prosecutor simply requested a continuance because she was unable to locate the victim. The prosecutor's request was reasonable, i.e., "a continuance not sought arbitrarily or for an unlimited period, but rather one that is sought for a reason (albeit not necessarily 'good cause') and for a reasonable period of time."[65] Under these circumstances, a dismissal would not have been in the furtherance of justice within the meaning of section 1385.

### C. *Section 871*

Section 871 also allows the court to dismiss an action under certain specified circumstances. Although this section was not cited by the magistrate, both the People and defendant suggest he indirectly relied on this provision by referring to this court's opinion in *Alvarez*.

Section 871 states: "If, after hearing the proofs, it appears either that no public offense has been committed or that there is not sufficient cause to believe the defendant guilty of a public offense, the magistrate shall order the complaint dismissed and the defendant to be discharged . . . ."

The plain language of this statute indicates that it applies only "after hearing the proofs." The California Supreme Court and other appellate courts, therefore, have rejected attempts to apply section 871 to situations where the prosecution has yet to offer any proof.[66]

Defendant argues that a reasonable interpretation of section 871 would encompass the situation where the prosecution fails to present any evidence. Citing *Landrum v. Superior Court*,[67] defendant explains, "[W]here the prosecution puts on insufficient evidence of a public offense at preliminary hearing, section 871 authorizes the magistrate to dismiss, and the defendant to be discharged. Where the prosecution puts on no evidence at all of a public offense because it has none, the magistrate may not dismiss, and the defendant remains on the hook." (Italics omitted.)

---

[64] *Ferguson, supra*, 218 Cal.App.3d at page 1183.

[65] *People v. Haendiges* (1983) 142 Cal.App.3d Supp. 9, 15 [191 Cal.Rptr. 785].

[66] *Landrum v. Superior Court, supra*, 30 Cal.3d at page 11, citing *Coleman v. Superior Court* (1981) 116 Cal.App.3d 431 [172 Cal.Rptr. 135] and *Simmons v. Municipal Court* (1980) 109 Cal.App.3d 15 [167 Cal.Rptr. 608].

[67] See *Landrum v. Superior Court, supra*, 30 Cal.3d 1, 17 (conc. & dis. opn. of Tobriner, J.).

Defendant attempts to blur the distinction between evidence that does not exist and evidence that is simply unavailable at the moment. This is not like the situation where the People cannot proceed because they lack the evidence to establish sufficient cause of defendant's guilt.[68]

Instead, in this case, the prosecution attempted to offer the testimony of the victim and two police officers. Nothing in the record indicates that the anticipated testimony would have been insufficient to proceed to trial. The evidence existed, it simply was not available at the time of the scheduled hearing. By requesting a continuance within the statutory period, the People sought the opportunity to present their evidence, thereby establishing sufficient or probable cause in a timely manner.

Contrary to defendant's argument, this court's opinion in *Alvarez* does not authorize a dismissal under section 871 under these circumstances. In *Alvarez*, we said: "In this case we have determined that the People met their burden of showing good cause, however, had they failed to establish good cause and had they been unable to go forward with the hearing, nothing in section 859b would have precluded the court from dismissing the information as provided by section 871."[69] In addition to being dicta, this language simply reiterated the point that section 859b contains no provision either requiring or precluding dismissals. Based on our conclusion in *Alvarez* that the People met their burden of showing good cause for a continuance as required under section 1050, we had no occasion to consider whether a dismissal in fact would have been appropriate under section 871. "[A] case is not authority for a proposition not considered."[70]

While nothing in section 859b would have precluded the court from dismissing the case, the plain language of section 871 and the cases that have interpreted this language would preclude a dismissal where the People have not yet offered any proof of defendant's guilt.

We conclude that section 871 does not provide authority for a court to dismiss an action when the prosecution fails to show good cause for a continuance, but is able to present proof of defendant's guilt at a new preliminary hearing rescheduled within the 60-day statutory period or within any period of time waived thereafter.

---

[68] See *Vlick v. Superior Court* (1982) 128 Cal.App.3d 992, 999 [180 Cal.Rptr. 742].

[69] *Alvarez, supra*, 208 Cal.App.3d at page 578.

[70] *Carroll v. Interstate Brands Corp.* (2002) 99 Cal.App.4th 1168, 1174 [121 Cal.Rptr.2d 532] [citations omitted].

## 5. Disposition

We reverse the magistrate's order dismissing the case. We remand the case to allow the magistrate to reinstate the complaint and reschedule the preliminary hearing.

McKinster, Acting P. J., and Ward, J., concurred.

A petition for a rehearing was denied March 15, 2004, and respondent's petition for review by the Supreme Court was denied May 19, 2004. Kennard, J., was of the opinion that the petition should be granted.