Filed 3/13/15  P. v. Lee CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C075392 |
| v. | (Super. Ct. No. CRF132253) |
| QUENTIN MICHAEL RAY LEE, | |
| Defendant and Appellant. | |

On the last day before trial, defendant Quentin Michael Ray Lee moved for a continuance to obtain witnesses and to retain new counsel.  The trial court denied the motion.  Defendant thereafter pled no contest to the charges against him and was sentenced to serve 11 years in state prison.  Having obtained a certificate of probable cause, defendant appeals, contending the court's refusal of a continuance denied him his constitutional rights to due process and counsel of his choice.  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

A complaint filed on June 6, 2013, accused defendant of evading a peace officer with reckless driving (count 1; Veh. Code, § 2800.2, subd. (a)), theft or unauthorized use

1

of a vehicle (count 2; Veh. Code, § 10851, subd. (a)), and resisting or obstructing a peace officer (count 3; Pen. Code, § 148, subd. (a)(1)).[1]  As to count 2, the complaint alleged a prior felony conviction for violating Vehicle Code section 10851, subdivision (a).  As to all counts, the complaint alleged a prior strike conviction (§ 667, subds. (c), (e)(1)) and five prior prison terms (§ 667.5, subd. (b)).

On July 18, 2013, the trial court held a preliminary hearing, at which Deputy Public Defender David Muller represented defendant.[2]  Woodland Police Officer Tamara Pelle testified that while on patrol in uniform, driving a marked police car, around 11:00 a.m. on June 4, 2013, she saw defendant, whom she knew to have a current probation warrant, driving a silver Lexus that had been reported stolen.  After a backup officer arrived, Officer Pelle attempted a traffic stop of defendant, activating her overhead lights and sirens; her backup officer also activated his lights and sirens.  Instead of stopping, defendant sped up, reaching speeds as high as 90 miles per hour.  After they reached the town of Knights Landing, at least a dozen more officers showed up.  Defendant continued to drive at 80 miles per hour in a school zone posted 25 miles per hour.  Defendant had to drive into oncoming traffic to avoid a disabled person with a walker in an intersection.  The pursuit continued onto a drawbridge, with all the vehicles driving around 75 miles per hour.  Heading into oncoming traffic, defendant abruptly stopped on the bridge with a large semi-truck blocking him and the officers' vehicles right behind him.  Defendant opened the driver's door and got out, then jumped over a barricade and into the water.  Officer Pelle and her partner followed him down onto the levee and took him into custody.  Defendant claimed he had just gotten the Lexus a few

---

[1]     Undesignated section references are to the Penal Code.

[2]     The parties later stipulated the preliminary hearing provided the factual basis for defendant's no contest plea.

hours before.  When the police contacted its owner, he said he did not know defendant and had not given him permission to drive the car.

The trial court held defendant to answer on all counts.  The complaint was replaced by an information on July 31, 2013.  The 60th day for trial was October 1, 2013.

In late August and early September 2013, defendant's appointed counsel filed numerous pretrial motions.

On Friday, September 27, 2013, the date of the trial readiness conference, defendant's appointed counsel filed a motion for a continuance.  In support, he declared: "(1) [Defendant] has indicated that it is his wish to retain counsel.  [Defendant] has already been in contact with [attorney] Don Bisnette.  [¶]  (2) [Defendant] further has provided counsel the names of witnesses that need to be contacted [and] interviewed prior to trial."  The declaration noted no prior continuances had been requested and defendant was "willing to waive time in this matter."

At the trial readiness conference, defendant's appointed counsel said the defense was not ready to proceed to trial.  Defendant claimed he had been in contact with attorney "Besneatte" and had named "approximately about four witnesses" who would need to be contacted and interviewed before trial.  Counsel requested that the parties return for trial setting in four weeks.

The prosecutor noted the People had asserted their speedy trial rights and were prepared to go to trial on Monday.  The prosecutor called defendant's claim of new witnesses a "stall tactic" and asserted no witnesses could help defendant with the charges against him, since he was "caught on car cam" in possession of a stolen vehicle.  Moreover, defendant had had ample time to retain private counsel, and the trial court had discretion to deny the request for retained counsel "at this late stage of the game."

Defendant's appointed counsel replied that the proposed witnesses could testify as to how defendant acquired the stolen car, which would go to knowledge and intent on count 2.

3

The trial court stated: "It doesn't appear to me that [defendant] is engaged in dilatory tactics." On the other hand, the issue was coming up "at the eleventh hour" and it was not clear why defendant could not have revealed the witnesses' existence or sought to retain private counsel sooner than the day before trial. As to the witnesses, counsel said defendant had just given him the information the night before. As to retaining private counsel, counsel said nothing.

The court denied the motion for continuance because defendant had not shown due diligence to obtain witnesses and a request to retain counsel on the day before trial was untimely.

On September 30, 2013, the first day of trial, the trial court found the public defender's office had a conflict of interest because it represented one of the newly discovered defense witnesses. When defendant's appointed counsel said the witness had evidence only as to count 2, the prosecutor moved to dismiss that count, and the trial court granted the motion with prejudice. Count 3 (misdemeanor resisting an officer) was renumbered count 2.

Asked if he was ready to proceed on count 1, defendant's appointed counsel renewed his motion for a continuance for defendant to retain attorney "Bisne" in a week or two. The trial court again denied the motion as untimely.

Following a recess, defendant's appointed counsel stated, and defendant confirmed, defendant wanted to "plead to the sheet." Defendant pled no contest to counts 1 and 2 and admitted all remaining enhancements. Finding defendant had knowingly, intelligently, and voluntarily waived his rights, the trial court accepted his plea.

On November 22, 2013, the trial court sentenced defendant to serve an aggregate state prison term of 11 years (the upper term of three years on count 1, doubled for the prior strike, plus five years for the prior prison terms). The court awarded defendant 344 days of presentence custody credits and imposed various fines and fees.

4

Defendant filed a notice of appeal and requested a certificate of probable cause, stating the denial of his motion for a continuance to retain counsel as one of the grounds. The trial court granted the certificate.

DISCUSSION

Defendant contends the trial court's denial of his first motion for a continuance violated his constitutional rights to due process and counsel of his choice. (He does not claim error as to his renewed motion on the day of trial, thus impliedly conceding the motion was untimely at that point.) We are not persuaded.

"A continuance in a criminal trial may only be granted for good cause. (§ 1050, subd. (e).) 'The trial court's denial of a motion for continuance is reviewed for abuse of discretion.' [Citation.] 'There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied.' [Citations.]" (*People v. Mungia* (2008) 44 Cal.4th 1101, 1118.) Even if abuse of discretion is shown, the defendant must also show prejudice to justify reversal. (*Id.* at p. 1119.)

Defendant sought a continuance for two reasons:  (1) to obtain witnesses and (2) to retain private counsel. But he made no showing of good cause for a continuance for either reason.

As to the witnesses, defendant did not show why he had not obtained and could not have obtained them as of the last day before trial. He also did not make any specific offer of proof as to what material evidence they could give. (Counsel's vague assertion they would testify about how defendant acquired the stolen car, without more, did not support counsel's claim this testimony would be relevant to knowledge and intent on count 2.) Because defendant failed to show either he had diligently sought to obtain the witnesses in a timely fashion or their testimony would be material, his desire to delay the start of trial by up to a month to attempt to obtain those witnesses did not constitute good

5

cause for a continuance. (*People v. Henderson* (2004) 115 Cal.App.4th 922, 934 [due diligence in securing witnesses' presence and a showing their testimony would be material are required to justify continuance based on their absence].)

As to retaining private counsel, defendant failed to show the request was made in a timely fashion or to give any reason why the balance should tip in favor of granting an untimely request.

The right to the effective assistance of counsel encompasses the right to retain counsel of one's choice. (*People v. Courts* (1985) 37 Cal.3d 784, 789 (*Courts*).) However, a continuance to retain counsel "may be denied if the accused is ' "unjustifiably dilatory" ' in obtaining counsel, or ' "if he [or she] arbitrarily chooses to substitute counsel at the time of trial." ' [Citation.]" (*Id.* at pp. 790-791.) A continuance may also properly be denied if "participation by a particular private attorney was still quite speculative at the time the motion for continuance was made. [Citations.]" (*Id.* at p. 791, fn. 3.) Where no compelling circumstances existed to justify delaying a request for a continuance to retain counsel until the eve or day of trial, "the lateness of the continuance request [was] a significant factor which justified a denial." (*Id.* at p. 792, fn. 4.)

Defendant's request for a continuance was made on the eve of trial (and knowing the People had not waived their speedy trial right). Defendant did not assert he had secured the agreement of private counsel to represent him, but only that he had "been in contact with" said counsel. Defendant did not give any definite time frame within which he thought he could obtain said counsel's representation. Defendant also did not estimate how long it would take said counsel, assuming he undertook to represent defendant, to become ready for trial. Defendant had not shown any prior dissatisfaction with the deputy public defender's representation or explained why he thought retained counsel could do a better job. Thus, the factors set out in *Courts, supra,* 37 Cal.3d 784 show the trial court did not abuse its discretion by denying a continuance to retain counsel. Unlike

6

in *Courts*, here " '[t]here was [both] lack of diligence in seeking a replacement [for appointed counsel] [and] undue delay in apprising the court of the situation and seeking a continuance.' [Citation.]" (*Courts*, *supra*, 37 Cal.3d at p. 794.)

We conclude the trial court did not abuse its discretion in denying defendant's request for a continuance on the eve of trial and reject defendant's claim the court's ruling deprived him of due process and the right to counsel of his choice.

DISPOSITION

The judgment is affirmed.

                                                                                                                                                  HOCH     , J.

We concur:

     HULL     , Acting P. J.

     MURRAY   , J.