Filed 6/15/15  P. v. Scott CA3

<u>NOT</u> <u>TO</u> <u>BE</u> PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C076392 |
| Plaintiff and Appellant, | (Super. Ct. No. CM039323) |
| v. | |
| JEREMY DERANN SCOTT, | |
| Defendant and Respondent. | |

In June of 1990 California voters drastically curtailed the purpose and scope of preliminary examinations in the state by enacting Proposition 115.  (*People v. Eid* (1994) 31 Cal.App.4th 114, 125 (*Eid*).)  The magistrate and the superior court both acknowledged the limitations imposed by Proposition 115 and both agreed defendant was not entitled to impeach the victim on a peripheral issue involving her credibility, nor was

1

he entitled to introduce phone records in the absence of evidence that the victim had the phone number at the time of the alleged inculpatory calls. Nevertheless, the superior court reversed the magistrate's denial of defendant's motion to set aside the information under Penal Code section 995 because, in the court's view, "the prosecution's rush to argue the case following the conclusion of the People's evidence and the defense's failure to articulate to the Court any additional evidence aside from what they articulated in their offer of proof that they intended to present" constituted a "procedural defect that does substantially impact the defendant's right."

Having disregarded the ruling of the superior court and independently reviewed the determination of the magistrate holding the defendant to answer, as we must (*People v. Trujillo* (1990) 217 Cal.App.3d 1219, 1224), we conclude the magistrate properly held defendant Jeremy Derann Scott to answer for assault with the intent to commit a felony during the commission of a first degree burglary (Pen. Code, § 220, subd. (b)), first degree burglary (Pen. Code, § 459), sexual penetration of an unconscious person (Pen. Code, § 289, subd. (d)), and oral copulation of an unconscious person (Pen. Code, § 288a, subd. (f)). The order setting aside the information is reversed and the case is remanded to the superior court for further proceedings.

## FACTS

The victim asserted that defendant entered her apartment in the middle of the night while she was asleep and she awoke to him licking and digitally penetrating her vagina and anus. She had met defendant at a class at Butte College in 2011, but they did not have a dating or sexual relationship. She did not give defendant permission to enter the apartment, and she did not consent to the sexual acts. Defendant fled when the victim's boyfriend returned from a walk.

## THE PRELIMINARY EXAMINATION AND THE MOTION TO SET ASIDE

A police officer who was a detective when the crimes were investigated testified that the victim told him she remembered the assailant from a public speaking class. He

2

rode the bus with her and, on one occasion, came to her apartment to watch television and eat popcorn. A police detective testified the victim said she and defendant communicated by text message. He further testified that the victim remembered sending defendant 6 to 12 text messages. The victim's last contact with defendant was in June of 2011.

The detective testified the victim's boyfriend told him he left the door to the apartment unlocked when he went for his customary late-night walk to clear his head. He did not give defendant permission to enter the apartment.

The prosecutor recapped the evidence and requested a holding order. Defense counsel[1] characterized the request as "premature" and sought to call the victim and to introduce the phone records. Defense counsel explained why the victim should be allowed to testify and requested a continuance to obtain the missing phone records. Counsel insisted that the victim's credibility was at issue and they wanted the opportunity to demonstrate that she had communicated with defendant during a time period she had denied. The discussion consists of 13 pages of transcript, and at no time was defense counsel prevented from speaking. Indeed, after the prosecutor made her second request for a holding order, there was a substantial intervening discussion between the magistrate and defense counsel.

Defendant subpoenaed certain phone records for the purpose of establishing that defendant and the victim had a relationship that predated their meeting at Butte College in 2011, but found the records produced to be unsatisfactory. Defense counsel complained that although AT&T had provided several hundred pages of records in response to subpoenas, it had failed to provide records for the months of August and September 2010. The magistrate stated she would issue an order to show cause to AT&T

---

[1] Defendant was represented by two attorneys at the preliminary hearing, a lead counsel and an "associated" attorney.

but would not continue the preliminary hearing, which had already been continued three times, a fourth time.

The magistrate found that the phone records were "a peripheral issue" and that credibility regarding phone communications had "nothing to do with this case, which is was there a sexual assault or not." The magistrate suggested that defense counsel do additional research tracing the telephone numbers "because you're asking to subpoena records for a phone number that you don't even know who owned it." The magistrate found that the victim "has maintained all along that there was no consent." Ultimately, the magistrate concluded: "I'm ruling that the records, information on the records is so peripheral that I really think there's [an Evidence Code section] 352 issue at this point. You know, you're talking about credibility on a phone call that was made at a certain time; has nothing to do with this case, which is was there a sexual assault or not. And you're maintaining there was consent. Well, then that will come out at trial. But certainly there is enough information at this point for me to hold this defendant to answer.

"Now, if you have a defense because they were texting outside a parameter that she admitted to, then that's going to go to her credibility."

The superior court concurred with the magistrate that the impeachment evidence as well as the phone records were properly excluded. The court explained: "In this matter, the defense challenges the magistrate's discretionary ruling to preclude the defense from calling the victim in the matter. The Court has analyzed this discretionary ruling by the magistrate at the time. It appears to the Court that that magistrate's ruling was sound in as much as the offer of proof did not lend itself to relevant impeachment testimony.

"The testimony sought to be elicited had to do with a relationship between the victim and the defendant preexisting [*sic*] prior to the time that the victim acknowledged they had a preexisting relationship. That evidence would be of minimal value in

4

assessing her credibility. And the Court, in its sound discretion, precluded that evidence from being presented.

"Additionally, the Court precluded the telephone records which would have supported that position by the defense for the same reason. Again, it appears that the magistrate's sound discretion was utilized in that regard."

Although the court agreed with the magistrate's substantive rulings, it set aside the information due to procedural issues. The court was concerned that the magistrate held defendant to answer too abruptly and defense counsel was not provided the explicit opportunity to present additional evidence and to further argue the matter. For those reasons, the court granted defendant's Penal Code section 995 motion.

## DISCUSSION

Before the passage of Proposition 115, preliminary hearings were an opportunity for discovery and trial preparation. (*Whitman v. Superior Court* (1991) 54 Cal.3d 1063, 1080-1081.) The purpose of Proposition 115, however, is to assure that " 'justice is swift and fair' " (*Eid*, *supra*, 31 Cal.App.4th at p. 129), and therefore the preliminary examination is limited to a determination "whether there exists probable cause to believe that the defendant has committed a felony" (Pen. Code, § 866, subd. (b)).

Penal Code section 866, subdivision (a), as amended by Proposition 115, "restricts the right of the accused to call a witness at the preliminary hearing. Upon a request by the prosecutor, the magistrate is required to obtain 'an offer of proof from the defense as to the testimony expected from the witness.' (§ 866, subd. (a).) 'The magistrate shall not permit the testimony of any defense witness unless the offer of proof discloses to the satisfaction of the magistrate, in his or her sound discretion, that the testimony of the witness, if believed, would be reasonably likely to establish an affirmative defense, negate an element of a crime charged, or impeach the testimony of a prosecution witness or the statement of a declarant testified to by a prosecution witness.' (§ 866, subd. (a).)" (*Eid*, *supra*, 31 Cal.App.4th at p. 126.)

5

Defendant contends his inability to examine the victim and to introduce the phone records denied him a substantial right that was properly remedied by setting aside the information. (*Jennings v. Superior Court* (1967) 66 Cal.2d 867, 874 (*Jennings*).) It is true that *Jennings* held a defendant claiming entrapment was denied a substantial right when he was not allowed to cross-examine the arresting officers because the "subject of cross-examination concern[ed] the matter at issue." (*Jennings*, *supra*, 66 Cal.2d at p. 879.) *Jennings* and its progeny "thus demonstrate that denial of cross-examination concerning events which were part of the actual criminal transaction itself denies the defense a substantial right. By contrast, case law also reveals that a trial judge, and a fortiori, a magistrate conducting a preliminary hearing, is within his discretion in denying cross-examination of a prosecution witness as to matters not relating to the criminal event itself and which only affect the weight of the direct testimony." (*People v. Stone* (1983) 139 Cal.App.3d 216, 222 (*Stone*).)

The question before us, as it was in *Stone*, is whether the magistrate's evidentiary rulings excluding evidence the defense sought to introduce amounted to a deprivation of a substantial right or were rulings within the scope of the magistrate's discretion. In *Stone*, the proposed questioning did not involve the criminal transaction at issue but was relevant only to impeach. Whereas in *Jennings* the line of questioning "might have linked the police to the woman who ran from defendant's car and thus shown the possibility of entrapment concerning *the actual crime with which defendant was charged*" (*Stone*, *supra*, 139 Cal.App.3d at p. 224), the line of questioning proposed by the defense in *Stone* was relevant only to the credibility of the officers, and therefore, the court concluded, the magistrate had the discretion to exclude it.

Both the magistrate and the superior court acknowledged the same dichotomy— defendant's offer of proof did not seek to introduce any evidence about "the actual criminal transaction itself" but sought only to impeach the victim's testimony. Thus, as in *Stone*, the evidence sought would have gone only to the weight of the direct testimony

6

and not to the victim's account of what happened during the sexual assault itself. We agree with the magistrate and the superior court that defendant was not denied a substantial right. Rather, the decision not to allow the defense to examine the victim and introduce the phone records was well within the sound discretion of the magistrate.

The dispositive issue on appeal is far subtler. The superior court did not disagree with the magistrate's ruling on the merits as discussed above. Rather, the court set aside the information for procedural irregularities. We turn to the record to examine the alleged irregularities, mindful that not all irregularities deprive the accused of a fair hearing. (*Currie v. Superior Court* (1991) 230 Cal.App.3d 83, 100-101.)

The prosecution examined the investigating and arresting police officers, who provided probable cause to hold defendant to answer. But the superior court was troubled by the "prosecution's rush to argue the case" and the "defense's failure to articulate to the Court any additional evidence aside from what they articulated in their offer of proof that they intended to present." Did the prosecution's "rush to argue" or the defense counsel's "failure to articulate" constitute a deprivation of a substantial right? We conclude they did not.

The question is not the propriety or effectiveness of the lawyers' performances but whether defendant was truly denied the opportunity to present additional evidence or to argue the case. After the prosecutor recapped the evidence to support her request for the magistrate to hold defendant for trial, defense counsel objected and characterized the request as premature. As the Attorney General points out, the lawyers engaged in a long and vigorous debate about whether the victim should be allowed to testify and whether the phone records were necessary. The magistrate gave defense counsel an additional opportunity to make an offer of proof as to what information the victim would provide. Defense counsel merely reiterated the offer of proof made earlier, that is, the victim told the police her initial contact with defendant had been in 2011, but according to defense counsel, there were phone records demonstrating they had exchanged text messages in

7

September of 2010. Defense counsel argued, "We need to ask her whether or not this is true. Her credibility is the main issue of this case. Any sexual case, credibility is the actual main issue."

The magistrate pressed defense counsel to define what the testimony was offered to prove and how it was going to be of assistance at the preliminary hearing stage. After continued argument, the magistrate synthesized what defense counsel was attempting to prove and asked for confirmation. "So your offer of proof is twofold, as I understand it: One, that she's going to be called as a witness to attempt to ascertain that this was a consensual encounter; and secondly, for an opportunity to impeach her credibility?" The magistrate noted the People had all but conceded that the victim and defendant knew each other.

The prosecution offered a cogent argument. "So I would ask the Court that this Court rule that the victim not be harassed by putting her on the stand and asking her if she had consensual sex with the defendant when she's already told the police many times that it was non-consensual. And I would ask that the Court not put her on the stand to have questions about phone numbers based on a veiled credibility attempt when they haven't even presented to the Court factual information that these phone numbers belonged to the victim and the defendant during a specified time frame."

Defense counsel offered additional argument about the phone records and ultimately about whether the defense should have the opportunity to examine the victim about consent. Having reviewed all the pages of the recorded transcript of the hearing, we can find no instances where the magistrate limited or restricted defense counsel's argument. But eventually the argument became both circular and repetitive. Counsel repeated her desire to question the victim, but the magistrate stated again, "[I]f the only reason you're going to call her as a witness is to show hopefully that she's going to say there was consent, [the] Court is not going to allow you to go into that because I think it's

clear from the testimony of the officers that she has maintained all along that there was no consent."

We have cited the many pages of transcript to demonstrate that defendant was not denied a full and fair hearing. His defense counsel was provided ample opportunity to argue the case and to put on additional evidence. But the only evidence they offered was the evidence the magistrate excluded—the testimony of the victim and the telephone records. We reject the superior court's inference that defendant was denied the opportunity to present a defense, and we find there was no deprivation of a substantial right.

Defendant also asserts that the magistrate erroneously denied his request for a continuance. "Both the defendant and the people have the right to a preliminary examination at the earliest possible time, and unless both waive that right or good cause for a continuance is found as provided for in [Penal Code] Section 1050, the preliminary examination shall be held within 10 court days of the date the defendant is arraigned or pleads . . . ." (Pen. Code, § 859b.) We review the denial for an abuse of discretion. (*People v. Henderson* (2004) 115 Cal.App.4th 922, 934.)

Before defense counsel requested the final continuance, the preliminary hearing had been continued three times and the victim had appeared twice in compliance with defense subpoenas. It does appear that the defense failed to obtain the victim's phone records since there was no evidence that the victim was the owner of the other phone number involved in a number of text messages starting in September 2010. Given the number of previous continuances, the lack of diligence, the inconvenience to the witnesses, and the crucial fact that the evidence of the text messages described by the defense would be peripheral to the issues, we cannot say the magistrate abused her discretion by denying a fourth continuance.

## DISPOSITION

The order setting aside the information is reversed.  The case is remanded to the superior court for further proceedings.

                                                       _____RAYE_____, P. J.

We concur:

_____BUTZ_____, J.

_____RENNER_____, J.

10