[No. A124178. First Dist., Div. Five. May 14, 2010.]

THE PEOPLE, Plaintiff and Appellant, v.
NESTOR MAURICIO FERRER, Defendant and Respondent.

**COUNSEL**

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Laurence K. Sullivan and Amy Haddix, Deputy Attorneys General, for Plaintiff and Appellant.

Tara Mulay, under appointment by the Court of Appeal, for Defendant and Respondent.

OPINION

**SIMONS, Acting P. J.**—On the date scheduled for the hearing on a defense motion to suppress evidence under Penal Code section 1538.5,[1] the trial court denied a prosecution motion to continue the hearing under section 1050 because proper notice of the motion had not been provided and no good cause existed for the failure to provide notice or for the continuance itself. Because the prosecution was unable to proceed, the court ordered the evidence suppressed. Lacking the suppressed evidence, the prosecution announced it could no longer successfully prosecute the case, and the trial court dismissed the action.

The trial court erred in refusing to continue the hearing. Sections 1050 and 1050.5 prohibit the dismissal of an action due to the absence of good cause for a continuance or for the prosecutor's failure to provide proper notice of a request for a continuance. Although the trial court did not dismiss the action as an express sanction for the failure to show good cause, dismissal was the reasonably foreseeable result of denial of the motion to continue. Cases involving requests for continuances in the preliminary hearing and trial contexts support a conclusion that the Legislature did not intend to permit denial of a motion for a continuance in the present circumstances, where an information supported by probable cause was dismissed on a procedural ground not implicating defendant's speedy trial rights. We reverse and remand for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

On June 5, 2008, Mendocino County sheriff's deputies executed a search warrant at the property of Roberto Leon on Blue Lake Road in Willits. The deputies discovered a large marijuana growing operation, including more than 200 live plants, 26 pounds of processed marijuana, and $11,700 in cash. Nestor Mauricio Ferrer (defendant) drove up to the property during the search and was detained. A search of defendant uncovered a set of keys to various buildings on the property. Defendant told the deputies that he was working cutting firewood and changing the oil in generators on the property. He admitted he knew marijuana was being cultivated there.

On June 26, 2008, the Mendocino County District Attorney filed a felony complaint charging defendant with cultivation of marijuana (Health & Saf. Code, § 11358) (count one), possession of marijuana for sale (Health & Saf. Code, § 11359) (count two), and management of a location used for unlawful

---

[1] All further undesignated section references are to the Penal Code.

[2] The facts herein are taken from the transcript of the preliminary hearing in this case.

manufacture or storage of a controlled substance (Health & Saf. Code, § 11366.5, subd. (a)) (count three). After the preliminary hearing, defendant was held to answer on count one and the other two counts were dismissed. On October 20, the Mendocino County District Attorney filed a felony information charging defendant with cultivation of marijuana (Health & Saf. Code, § 11358). Defendant subsequently waived time, and trial was set for February 2, 2009.

On November 18, 2008, defendant filed a section 1538.5 motion to suppress the fruits of the June 2008 warrantless detention and search, essentially the keys seized from defendant's person and the statements he made to the deputies. A hearing on the motion was calendared for December 5, which was 17 days after the motion was filed and approximately two months before trial. The People filed an opposition on December 2, and defendant filed a reply the next day.

At the suppression hearing on December 5, 2008, the prosecutor requested continuance of the hearing, stating she had not subpoenaed her witnesses due to a "mix up." Defendant objected to the request. The trial court deferred ruling on the request and then, on December 11, issued a written order denying the People's "oral motion" for a continuance under section 1050. The court also granted defendant's motion to suppress because the People had failed to meet their burden of presenting evidence establishing the lawfulness of the warrantless detention and search.

On December 19, 2008, the People suggested they might be able to proceed against defendant with evidence found on Roberto Leon's property that was not subject to the motion to suppress. On January 6, 2009, the People announced that without the suppressed evidence they were unable to proceed against defendant. The trial court dismissed the information.

## DISCUSSION

Relying primarily on *People v. Henderson* (2004) 115 Cal.App.4th 922 [9 Cal.Rptr.3d 655] (*Henderson*), the People contend the trial court lacked authority to deny the request for a continuance and grant the motion to suppress, where there was adequate time for the motion to be heard on another date before trial.

■ The parties agree that section 1050 applied to the People's request to continue the hearing on defendant's motion to suppress. Section 1050, subdivision (b), provides that a party seeking to continue a hearing in a criminal proceeding must file and serve notice of the request at least two court days before the scheduled hearing. (See also *Henderson, supra,* 115

Cal.App.4th at p. 933.) Section 1050, subdivision (d), provides: "When a party makes a motion for a continuance without complying with the requirements of subdivision (b), the court shall hold a hearing on whether there is good cause for the failure to comply with those requirements. At the conclusion of the hearing, the court shall make a finding whether good cause has been shown and, if it finds that there is good cause, shall state on the record the facts proved that justify its finding. . . . If the moving party is unable to show good cause for the failure to give notice, the motion for continuance shall not be granted."

In the present case, the prosecutor failed to provide notice; instead, she verbally requested a continuance at the suppression hearing. As explanation for the need for a continuance, the prosecutor told the trial court that there had been a "mix up" in her office, resulting in a failure to subpoena her witnesses. Specifically, she explained that defendant's suppression motion was filed November 18, 2008; she went on a one-week vacation on November 21; and, although she managed to file an opposition upon her return, the file had been routed to someone else who was on vacation. The prosecutor did not explain her failure to provide the two-day notice required under section 1050, subdivision (b).

To show good cause for a continuance, a party must make a showing of diligence. "Particularly, when the party seeks a continuance to secure a witness's testimony, the party must show that he exercised due diligence to secure the witness's attendance, that the witness would be available to testify within a reasonable time, that the testimony was material and not cumulative." (*Henderson, supra,* 115 Cal.App.4th at p. 934, fn. omitted.) In the present case, the People concede the trial court did not abuse its discretion in finding there was no showing of good cause, either for the failure to provide notice or for the continuance itself.

Normally, the prosecutor's failure to show good cause would require the trial court to deny the motion for a continuance under section 1050, subdivisions (d) and (e). (§ 1050, subd. (d) ["If the moving party is unable to show good cause for the failure to give notice, the motion for continuance shall not be granted."]; § 1050, subd. (e) ["Continuances shall be granted only upon a showing of good cause."]; *People v. Harvey* (1987) 193 Cal.App.3d 767, 771 [238 Cal.Rptr. 516].) However, as we explain below, other statutory provisions effectively limit the trial court's authority to deny a request for a continuance. In particular, in 2003 the Legislature passed Assembly Bill No. 1273 (2003–2004 Reg. Sess.) (Assembly Bill No. 1273), which added subdivision (*l*) to section 1050. (Stats. 2003, ch. 133, § 1.) The provision states: "This section is directory only and does not mandate dismissal of an action by its terms." (§ 1050, subd. (*l*).) Moreover, while a

court may impose sanctions under section 1050.5 if a party fails to show good cause for failure to provide notice (§ 1050, subd. (c)), including the imposition of fines or the filing of a report with a disciplinary committee (§ 1050.5, subd. (a)), Assembly Bill No. 1273 also amended section 1050.5, subdivision (b), to read: "The authority to impose sanctions provided for by this section shall be in addition to any other authority or power available to the court, *except that the court or magistrate shall not dismiss the case.*" (Italics added; Stats. 2003, ch. 133, § 2; see also *Henderson, supra,* 115 Cal.App.4th at p. 935.)

■ This court must determine whether sections 1050, subdivision (*l*), and 1050.5, subdivision (b), prohibited the trial court from refusing to continue the hearing on defendant's section 1538.5 motion in the circumstances of this case. In doing so, "we apply well-established rules of statutory construction. The goal of statutory construction is to ascertain and effectuate the intent of the Legislature. [Citation.] Often, the words of the statute provide the most reliable indication of legislative intent. [Citation.] However, when the statutory language is itself ambiguous, we must examine the context in which the language appears, adopting the construction that best harmonizes the statute internally and with related statutes. [Citation.] ' "When the language is susceptible of more than one reasonable interpretation . . . we look to a variety of extrinsic aids, including the ostensible objects to be achieved, the evils to be remedied, the legislative history, public policy, contemporaneous administrative construction, and the statutory scheme of which the statute is a part." ' [Citation.]" (*Rothschild v. Tyco Internat. (US), Inc.* (2000) 83 Cal.App.4th 488, 496 [99 Cal.Rptr.2d 721]; see also *Webster v. Superior Court* (1988) 46 Cal.3d 338, 344 [250 Cal.Rptr. 268, 758 P.2d 596] [" 'The courts must give statutes a reasonable construction which conforms to the apparent purpose and intention of the lawmakers.' [Citation.]"].)

Sections 1050, subdivision (*l*), and 1050.5, subdivision (b), are ambiguous. Although section 1050, subdivisions (d) and (e), prohibits the granting of continuances in the absence of good cause, did the Legislature, in prohibiting dismissals, intend to prohibit courts from refusing to continue cases in certain circumstances? If so, did the Legislature only intend to prohibit denial of a continuance where a dismissal would inevitably result, or did the Legislature also intend to prohibit denial of a continuance where the *probable* consequence of the denial would be dismissal of the case?

The legislative history to Assembly Bill No. 1273 is instructive. The Senate Committee on Public Safety's analysis of the bill explained: "Penal Code section 1050 allows for the continuance of a criminal proceeding upon a showing of good cause. According to the [bill's] sponsor, courts have apparently dismissed cases after the prosecutor failed to establish good cause

to continue the trial of the matter even though it was still within the 60-day statutory speedy trial period. In *People v. Ferguson* (1990) 218 Cal.App.[3d] 1173, the Court of Appeal stated, 'Section 1050 governs continuances and is based on the premise that criminal proceedings shall be set for trial and be heard and determined at the earliest possible time. Section 1050 is directory only and does not mandate any dismissal of an action by its terms.' This bill codifies this principle. Thus, under this bill a case could not be dismissed as a sanction for failing to comply with the rules governing continuances if the statutory time for a speedy trial has not run." (Sen. Com. on Public Safety, Analysis of Assem. Bill No. 1273 (2003–2004 Reg. Sess.) as amended May 1, 2003, pp. 5–6, italics added.) Elsewhere, the legislative materials state that Assembly Bill No. 1273 "codifies existing case law which provides that the courts may not dismiss a case due to a failure to meet the good cause requirements for a continuance, before the expiration of the 60-day statutory limit." (Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Assem. Bill No. 1273 (2003–2004 Reg. Sess.) as amended May 1, 2003, p. 1.)

At the outset, it is clear that in prohibiting a dismissal due to a failure to show good cause, the Legislature intended to restrict the authority of trial courts to deny continuances in certain circumstances. In *People v. Ferguson* (1996) 218 Cal.App.3d 1173, 1175–1178, 1183 [267 Cal.Rptr. 528] (*Ferguson*), the case cited in the Assembly Bill No. 1273 legislative history, the trial court refused to continue a trial and dismissed a case due to the prosecution's inability to proceed; the Court of Appeal ruled that the trial court abused its discretion in rejecting the prosecution's request to delay the trial. In codifying the result in *Ferguson*, the Legislature must have understood that it was obligating trial courts to grant continuances where necessary to avoid a dismissal, even in the absence of a showing of good cause.

The court in *Henderson* expanded upon the reasoning in *Ferguson* and applied it to the preliminary hearing context. (*Henderson, supra*, 115 Cal.App.4th at p. 939.) In *Henderson*, a magistrate dismissed a case after denying the prosecutor's request for continuance of the preliminary hearing. (*Id.* at pp. 928–929.) The court applied sections 1050 and 1050.5 as they read before Assembly Bill No. 1273, but the court discussed the Assembly Bill No. 1273 amendments, which were in place at the time of the decision. *Henderson* concluded that Assembly Bill No. 1273 merely codified existing law and that nothing in section 1050 or section 1050.5 authorized dismissal of the action as a sanction for the prosecutor's failure to show good cause for a continuance. (*Henderson*, at pp. 934–935.) The court pointed out that section 1050 is "not mandatory, but 'directory only and contains no provision for the dismissal of a case when its terms are not complied with.' " (*Henderson*, at p. 934, fn. omitted; see also *Malengo v. Municipal Court* (1961) 56 Cal.2d

813, 816 [17 Cal.Rptr. 10, 366 P.2d 453]; *People v. Rubaum* (1980) 110 Cal.App.3d 930, 935 [168 Cal.Rptr. 291] (*Rubaum*).)[3]

█ In *Henderson*, the lower court did not literally dismiss the criminal case as a sanction for the prosecutor's failure to show good cause, but denial of the motion to continue meant the prosecution lacked the necessary evidence to present at the preliminary hearing, which led to dismissal of the case. (*Henderson, supra*, 115 Cal.App.4th at p. 929.) The *Henderson* court treated the dismissal as an unauthorized sanction for the failure to show good cause even though the dismissal was a consequence of the denial of the continuance rather than an express sanction. (*Id.* at p. 935.) This is consistent with the Assembly Bill No. 1273 legislative history. In explaining the amendments prohibiting dismissal as a sanction for failure to show good cause for a continuance, the Senate Committee on Public Safety report quoted above cited to *Ferguson, supra*, 218 Cal.App.3d 1173, in which the trial court dismissed a case due to the prosecution's inability to proceed with trial. (Sen. Com. on Public Safety, Analysis of Assem. Bill No. 1273, *supra*, at pp. 5–6.) Thus, the Legislature intended that a dismissal that causally follows from denial of a motion for a continuance be treated as a sanction of dismissal.

In *Henderson, supra*, 115 Cal.App.4th at page 929, the direct consequence of the failure to show good cause was denial of the motion for a continuance; it was the prosecution's inability to proceed with the preliminary hearing that resulted in dismissal of the case. Similarly, in *Ferguson, supra*, 218 Cal.App.3d at page 1179, it was the prosecution's inability to proceed with trial that resulted in dismissal of the case. This case is analogous. Although the trial court did not literally dismiss the action as a sanction for the prosecutor's failure to show good cause, it was clear at the time that denial of the request to continue the hearing was likely to lead to dismissal of the case.

In particular, it was clear the People bore the burden of justifying the warrantless seizure and search of appellant under a recognized exception to the warrant requirement. (*People v. Williams* (1999) 20 Cal.4th 119, 130, 136 [83 Cal.Rptr.2d 275, 973 P.2d 52]; see also *People v. Johnson* (2006) 38 Cal.4th 717, 723 [42 Cal.Rptr.3d 887, 133 P.3d 1044] (*Johnson*).) Accordingly, the unavailability of the People's witnesses at the suppression hearing

---

[3] "Generally speaking, 'the "directory-mandatory" distinction is concerned only with whether a particular remedy—invalidation of the ultimate governmental action—is appropriate when a procedural requirement is violated; even when invalidation is not appropriate, other remedies—such as injunctive relief, mandamus, or monetary damages—may be available to enforce compliance with the statutory provision. . . .' [Citation.]" (*People v. Allen* (2007) 42 Cal.4th 91, 101 [64 Cal.Rptr.3d 124, 164 P.3d 557].) "Although somewhat tautological, the principle is ostensibly or perhaps deceptively simple: 'If the action is invalidated, the requirement will be termed "mandatory." If not, it is "directory" only.' [Citations.]" (*Ibid.*) "Unless the Legislature clearly expresses a contrary intent, time limits are typically deemed directory. [Citations.]" (*Id.* at p. 102.)

would necessarily result in grant of the motion under the Fourth Amendment to the federal Constitution. (See *Johnson*, at pp. 722, 734 [trial court properly granted motion to suppress where prosecution proffered no evidence other than an inadmissible affidavit].) Finally, it was clear that at stake in the motion to suppress was the critical evidence connecting defendant to the marijuana cultivation operation—the evidence that defendant possessed keys to buildings on the property and admitted he helped maintain the property and was aware of the marijuana cultivation. This was the only evidence cited in support of the charges by the prosecutor at the preliminary hearing. Defendant's supplemental memorandum in support of the suppression motion emphasized that there were no other facts connecting defendant or his car to the property subject to a search warrant, and defendant made no statements prior to his detention. Thus, it was reasonably foreseeable that denial of a continuance would result in granting the motion to suppress, which would in turn result in the prosecution's inability to proceed to trial.

On appeal, defendant attempts to distinguish *Henderson* by arguing that denying the continuance and granting the motion to suppress did not inevitably result in dismissal of the information. The court in *People v. Bonds* (1999) 70 Cal.App.4th 732 [83 Cal.Rptr.2d 10] (*Bonds*), explained that granting a motion to suppress leaves a case in one of two postures. "In the first posture, the People have sufficient evidence to go forward despite the suppression of some evidence." (*Id.* at p. 738.) "In the second posture, the People are unable to go forward without the suppressed evidence." (*Id.* at p. 739.) As defendant points out, it was not entirely clear in which posture granting the motion to suppress left the present case. A week after the motion was granted, the prosecutor suggested that she could, in fact, move forward without the suppressed evidence, and the information was dismissed only when she announced weeks later that she could not actually proceed. However, neither is dismissal the inevitable consequence of denial of a prosecutor's motion to continue a preliminary hearing or trial; the prosecutor always has the option of attempting to proceed with whatever evidence is available. Where it is reasonably foreseeable that granting a motion to suppress will result ultimately in dismissal of the case, the fact that the dismissal is not inevitable or immediate does not create a material distinction from the circumstances involved in *Henderson* and *Ferguson*.

There is an additional reason why the cases in the preliminary hearing and trial contexts support a conclusion that the Legislature intended to prohibit denial of a continuance of a hearing on a motion to suppress where a dismissal will foreseeably result. A defendant's interest in a prompt preliminary hearing and trial are protected by sections 859b and 1382, which buttress the constitutional right to a speedy trial. (*Owens v. Superior Court* (1980) 28 Cal.3d 238, 249 [168 Cal.Rptr. 466, 617 P.2d 1098] (*Owens*) [§ 1382]; *Rubaum, supra*, 110 Cal.App.3d at pp. 933–934 [§ 1382]; *People v.*

*Love* (2005) 132 Cal.App.4th 276, 283 [34 Cal.Rptr.3d 6] [§ 859b].) In particular, under section 859b, a defendant is entitled to a dismissal if a preliminary hearing is not held within 60 days of the arraignment or entry of plea, unless the defendant personally waives the right. (*People v. Mackey* (1985) 176 Cal.App.3d 177, 183 [221 Cal.Rptr. 405].)[4] Under section 1382, a defendant is entitled to a dismissal if he is not brought to trial within 60 days of the filing of the indictment or information, except that dismissal is not required if the defendant is brought to trial on a later agreed-upon date or within a "10-day 'grace period' " thereafter. (*Owens*, at p. 248; see § 1382, subd. (a)(2)(B).)[5] Courts have concluded that, where a prosecutor requests a continuance but fails to show good cause, it is improper to deny a continuance and dismiss an action due to the prosecutor's inability to proceed where the requested continuance would not violate the time limits in section 859b or section 1382, as applicable. (*Henderson, supra*, 115 Cal.App.4th at p. 939 [§ 859b]; *Rubaum*, at pp. 934–935 [§ 1382].) These cases reason that the statutory timelines "indicate a legislative policy that such periods constitute a reasonable time" and criminal cases "based on society's legitimate interest in prosecuting crimes, should not be subject to dismissal where the People have asked to continue the case to a date within the statutory period." (*Henderson*, at p. 939; see also *Rubaum*, at pp. 934–935.)

■    While the Legislature has provided statutory protection for the rights to a speedy preliminary hearing and trial, it has not provided any independent right to a speedy suppression hearing. And no such right exists in either the state or federal Constitutions. Instead, the statutory and constitutional rights to a speedy trial ensure that a criminal defendant is able to insist on a prompt resolution of any suppression motion. In interpreting section 1050, there is no reasonable basis to conclude the Legislature intended to provide greater protection to a defendant's interest in a prompt section 1538.5 hearing than it provided to a defendant's interest in a prompt preliminary hearing and trial. Instead, we conclude the Legislature did not intend for a dismissal to result unless the requested continuance results in violation of a statutory time limit (such as § 859b or § 1382) or defendant's constitutional right to a fair trial (see *Henderson, supra*, 115 Cal.App.4th at p. 940).[6]

---

[4] Section 859b also specifies an initial period of 10 court days for conducting a preliminary hearing; an in-custody defendant may obtain a dismissal if that limit is violated, but an out-of-custody defendant may obtain dismissal due to such a violation only on a showing that the delay was prejudicial. (*Henderson, supra*, 115 Cal.App.4th at pp. 930–931.)

[5] *Rubaum* involved a shorter 45-day period applicable to misdemeanors and infractions. (*Rubaum, supra*, 110 Cal.App.3d at pp. 932–933; § 1382, subd. (a)(3).)

[6] This court need not decide under what circumstances grant of a continuance or a prosecutor's bad faith in requesting a continuance would violate a defendant's right to a fair trial. (See *Henderson, supra*, 115 Cal.App.4th at p. 940.) In the present case, defendant has not argued that he would have suffered prejudice to his right to a fair trial had the trial court granted the requested continuance of the hearing on the motion to suppress, scheduled

■ Analysis under section 1385 also supports a conclusion that the Legislature did not intend to authorize dismissals in cases such as this. Under section 1385, subdivision (a), a trial court may dismiss an action "in furtherance of justice," including where the People announce they cannot proceed with a case after grant of a motion to suppress. (See *Bonds, supra,* 70 Cal.App.4th at pp. 738–740.) The courts in *Henderson, supra,* 115 Cal.App.4th at pages 927, 936–941, and *Ferguson, supra,* 218 Cal.App.3d at pages 1181–1182, concluded it was not in "furtherance of justice" under section 1385 to dismiss criminal cases where the prosecutors failed to show good cause for continuance of a preliminary hearing (*Henderson*) and trial (*Ferguson*). The *Ferguson* court emphasized, " 'appellate courts have shown considerable opposition to the granting of dismissals under section 1385 in instances where the People are thereby prevented from prosecuting defendants for offenses of which there is probable cause to believe they are guilty as charged. Courts have recognized that society, represented by the People, has a legitimate interest in "the fair prosecution of crimes properly alleged." [Citation.] " '[A] dismissal which arbitrarily cuts those rights without a showing of detriment to the defendant is an abuse of discretion.' [Citations.]" [Citation.]' " (*Ferguson,* at p. 1182, italics omitted, quoting *People v. Orin* (1975) 13 Cal.3d 937, 946–947 [120 Cal.Rptr. 65, 533 P.2d 193].) In construing sections 1050, subdivision (*l*), and 1050.5, subdivision (b), to prohibit denials of continuances in circumstances such as those in this case, we avoid confronting trial courts with the dilemma of whether a dismissal due to a prosecutor's inability to proceed following grant of a motion to suppress is "in furtherance of justice" under section 1385, where the prosecutor might have been able to prove the legality of the search and/or seizure and brought defendant to trial.

■ We recognize that our decision restricts the options available to the trial court in responding to a motion for continuance that is not properly noticed and is unsupported by good cause. However, other sanctions, including fines and the filing of reports with appropriate disciplinary committees, are available under section 1050.5, subdivision (a), when a prosecutor fails to comply with the notice requirements of section 1050, subdivision (b). (*Henderson, supra,* 115 Cal.App.4th at p. 939.) Moreover, the specified sanctions are "in addition to any other authority or power available to the court." (§ 1050.5, subd. (b).) As the *Henderson* court explained, "dismissal 'is not appropriate, and lesser sanctions must be utilized by the trial court, unless the effect of the prosecution's conduct is such that it deprives the defendant of the right to a fair trial. [Citation.]' " (*Henderson,* at p. 940, fn. omitted.)

approximately two months before trial. We reject defendant's request that we remand with directions to the trial court to consider whether the prosecutor acted in bad faith, because defendant has not argued that any prosecutorial bad faith impacted his right to a fair trial.

And, of course, the trial court may exercise its discretion in selecting the length of a continuance; it need not necessarily accede to the prosecutor's preferred date. (*Ibid.*)

██ Because it was reasonably foreseeable that denial of the prosecutor's request for a continuance would result in dismissal of the case, we conclude the trial court erred in denying the requested continuance of defendant's section 1538.5 motion.

## DISPOSITION

The trial court's orders granting defendant's motion to suppress and dismissing the information are reversed and the case is remanded for further proceedings consistent with this opinion.

Needham, J., and Bruiniers, J., concurred.

A petition for a rehearing was denied June 7, 2010, and the opinion was modified to read as printed above. Respondent's petition for review by the Supreme Court was denied September 15, 2010, S183831. Kennard, J., was of the opinion that the petition should be granted.