Filed 3/17/16

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

<table>
<tr><td>THE PEOPLE,<br><br>     Plaintiff and Appellant,<br><br>v.<br><br>LOUIS CLARK SMITH,<br><br>     Defendant and Respondent.</td><td>A141407<br><br>(Sonoma County<br>Super. Ct. No. SCR-640203)</td></tr>
</table>

The People appeal from an order dismissing heroin possession charges against Louis Clark Smith.  (Health & Saf. Code, § 11350, subd. (a); Pen. Code, § 1238, subds. (a)(1) & (a)(8).)[1]  At a combined preliminary hearing and motion to suppress, the prosecutor moved for a continuance.  The court found no good cause for a continuance, denied the prosecution's motion, and granted a motion to dismiss the complaint.  The People appeal, arguing it was error to deny a continuance and order dismissal.  We agree, and will reverse.

## BACKGROUND

By felony complaint, the Sonoma County District Attorney charged Smith with possession of heroin.  (Health & Saf. Code, § 11350, subd. (a)).  Smith was arraigned September 18, 2013, and some months later, after failing to meet the conditions of diversion, entered a plea of not guilty February 24, 2014, invoking his right to a preliminary hearing "at the earliest possible time" (§ 859b).  To comply with section 859b, which specifies that a "preliminary examination shall be held within ten court days of the date the defendant is arraigned or pleads," the hearing was set for March 6, 2014,

_____

[1] Statutory references are to the Penal Code unless otherwise specified.

1

with an acknowledgment that March 10, 2014, was the tenth day for purposes of section 859b.

When the case was called on the morning of March 6, the trial court and counsel for the defense indicated readiness to proceed, but the prosecutor, who had given no prior notice of any need for a continuance, made an oral request to continue the hearing under section 1050 because her office was "having issues with the drug lab this week" and the drug lab testing and results were not finished. Specifically, the prosecutor requested a continuance to "the tenth day," Monday, March 10, 2014, "in hopes that the test results will be available by then."

The court inquired of the prosecutor when she learned that the lab results were not going to be ready for the hearing. She responded she had been assured as of the previous day the results would be ready in time for the hearing, but she found out that morning— March 6—the drugs were not even at the lab yet. She advised the court the drugs would be at the lab "today[,] and they will, hopefully, be done by Monday." She explained the reason for the delay was "the person from the Santa Rosa Police Department [who] was supposed to take [the drugs to the lab] decided to schedule today to be the day to take them there instead of the day we asked them to." The defense made no attempt to make any showing it would be prejudiced if the continuance were granted.

After considering the prosecutor's explanation, the court declined to find good cause for a continuance. The record is somewhat obscure as to what happened next, but the parties are now in agreement about the disposition—the court denied the People's section 1050 motion, and granted a motion to dismiss the complaint.[2] A timely appeal by the People followed.

## DISCUSSION

We review the trial court's denial of a continuance motion for abuse of discretion. (*People v. Henderson* (2004) 115 Cal.App.4th 922, 934 (*Henderson*).) The dismissal of

---

[2] The record is silent as to who moved to dismiss the complaint. We assume defense counsel did, presumably based on the fact that the prosecutor could not move forward with the preliminary hearing as scheduled.

2

charges under section 1385 is also reviewed for abuse of discretion. (*People v. Pedroza* (2014) 231 Cal.App.4th 635, 650.) For the reasons explained below, we conclude that the trial court misapplied sections 1050 and 859b, and thus that its denial of the prosecutor's request for a continuance and its dismissal of the complaint each constituted an abuse of discretion, warranting reversal. (See *Prigmore v. City of Redding* (2012) 211 Cal.App.4th 1322, 1334 ["It is an abuse of discretion for a trial court to misinterpret or misapply the law"].)

Section 1050 governs motions for continuance of trial and other specified proceedings in criminal cases. Generally, either party must file a written notice of a request to continue a matter covered by section 1050 at least two court days prior to commencement of the hearing or proceeding involved. (§ 1050, subd. (b).) In some circumstances, a party may make a motion for a continuance without complying with the two-day notice requirement, but must show good cause for non-compliance. (§ 1050, subds. (c), (d).) If the moving party is unable to show good cause for failing to give proper notice, the motion shall not be granted (§ 1050, subd. (d)) and the court is empowered to impose sanctions pursuant to section 1050.5 (§ 1050, subd. (c)). If, on the other hand, the court finds that failure to follow the subdivision (b) notice requirements is supported by good cause, the court must proceed to hear the motion and may grant the continuance but only upon a further showing of good cause for the continuance itself. (§ 1050, subds. (e), (f).) Subdivision (*l*) of section 1050 indicates section 1050 is "directory only and does not mandate dismissal of an action by its terms."

Subdivision (k) of section 1050 provides that "section [1050] *shall not apply* when the preliminary examination is set on a date less than 10 court days from the date of the defendant's arraignment on the complaint, and the prosecutor or the defendant moves to continue the preliminary examination to a date not more than 10 court days from the date of the defendant's arraignment on the complaint." (§ 1050, subd. (k), italics added.) A related statute, section 859b, establishes speedy preliminary hearing rights and reads in pertinent part: "Both the defendant and the people have the right to a preliminary examination at the earliest possible time, and unless both waive that right or good cause

3

for a continuance is found as provided for in Section 1050, the preliminary examination shall be held within 10 court days of the date the defendant is arraigned or pleads, whichever occurs later, or within 10 court days of the date criminal proceedings are reinstated . . . ." Additionally, "[w]henever the defendant is in custody, the magistrate shall dismiss the complaint if the preliminary examination is set or continued beyond 10 court days from the time of the arraignment, plea, or reinstatement of criminal proceedings . . ." unless the defendant personally waives his right to have a preliminary hearing within 10 court days or the prosecutor establishes good cause for a continuance beyond the 10-day period. (§ 859b.)

Before turning to the core question presented here, we note preliminarily that this case involves a hearing set on a date more than five months after Smith's arraignment, and that, by its terms, the 10-day period described in 1050, subdivision (k), runs from the date of "the defendant's arraignment." Although the language of subdivision (k) does not track precisely the wording of section 859b, which speaks of "the date the defendant is arraigned *or pleads*" (§ 859b, italics added), we read section 1050, subdivision (k), *in pari materia* with section 859b. (See *People v. Tran* (2015) 61 Cal.4th 1160, 1168 [statutes that relate to the same thing or have the same purpose or object are considered to be *in pari materia* and similar phrases appearing in each " ' "should be given like meanings" ' "].) We therefore construe the 10-day period referenced in subdivision (k) to run from the date of either arraignment *or* plea, consistent with the language of section 859b.

When sections 859b and 1050 are read together, it is plain that section 1050 does not apply to a request to continue a preliminary hearing if the continuance request and the requested future date fall within the statutory 10-day time limit. Our analysis pivots on the exact posture of this case at the time of the denial of the prosecutor's continuance request. Smith, who was in custody at the time of the March 6 preliminary hearing, had not waived his right to have a hearing within 10 court days of the entry of his plea. (See § 859b.) The prosecutor's request on the morning set for hearing was simply to continue the case to the last, or tenth, day of March 10, and not beyond that date. With this

4

procedural posture in mind, it is clear that subdivision (k) exempts the case from section 1050. And because the prosecution's continuance request did no violence to the defendant's speedy hearing rights, section 859b did not mandate dismissal. In the absence of statutory authority mandating dismissal, the question becomes whether the trial court was *permitted* to dismiss the charges against Smith in the circumstances presented here. The answer is no.

As we read section 1050, subdivision (k) in light of section 859b, either party is *presumptively* entitled to a continuance, without having to provide notice or make a good cause showing under section 1050, so long as the request and the requested date fall within the 10-day statutory deadline set by section 859b. The notice and good cause requirements of section 1050 are inapplicable in those circumstances. Giving the parties the benefit of presumptive entitlement to calendar relief within this narrow 10-day window of time makes good practical sense because it recognizes that witness calendaring difficulties, lab problems or myriad other case preparation issues can occur, and may present unmanageable readiness problems—for either side—within such a short-fuse period. Accordingly, it was error to deny prosecution's continuance request for failure to make a good cause showing. The dismissal for lack of readiness, which was the inevitable consequence of erroneously denying the continuance, was perforce error as well.

The People cite a number of cases involving unauthorized dismissal of charges based on prosecutorial lack of readiness to proceed in various other procedural settings (see *People v. Ferguson* (1990) 218 Cal.App.3d 1173 [prosecutor sought continuance of trial to date within 10-day statutory grace period where defendant waived 60-day statutory time limit]; *Henderson, supra,* 115 Cal.App.4th 922 [prosecutor requested continuance of preliminary hearing to date within 60-day statutory period]; *People v. Ferrer* (2010) 184 Cal.App.4th 873 (*Ferrer* ) [prosecutor requested continuance of motion to suppress hearing to date within 60-day statutory period]), but we do not find any of these cases to be controlling. Factually, none of the procedural circumstances in them matches what we have here, and legally, none of the continuance requests at issue

in those cases was exempt from section 1050 pursuant to subdivision (k), as was the request in this case.

While *Ferguson*, *Ferrer*, and *Henderson* are not controlling, they are nonetheless instructive. *Henderson* best illustrates why, since procedurally it bears the closest resemblance to our case. There, the prosecutor sought to continue a preliminary hearing date without adhering to the notice requirements of section 1050. (*Henderson*, *supra,* 115 Cal.App.4th at pp. 928–929.) Henderson, who was out on bail, had waived his right to a preliminary hearing within 10 court days, but had evidently not waived his right to have the hearing within 60 calendar days as specified in section 859b. (*Id.* at pp. 929, 940.) On the date set for the hearing, the prosecutor moved to continue the hearing to a new date within the 60-day time period. (*Id.* at p. 928.) In making the motion, the prosecutor "informed the court that she was unable to contact or locate the victim. . . . [¶] Upon further inquiry by the court, the prosecutor admitted that, while the district attorney's office had mailed the victim a subpoena prior to the . . . hearing, [she] had failed to make any additional efforts to secure the victim's presence. Without its witnesses, the prosecution was unprepared to proceed." (*Ibid.*) In these circumstances, the court denied the continuance motion for lack of good cause, and dismissed the case for lack of readiness to proceed. (*Id.* at p. 929.) The appellate court reversed, holding it was error to deny the prosecutor's continuance request, and it was error, in turn, to dismiss the charges against Henderson. (*Id.* at pp. 942–943.)

The *Henderson* court treated the dismissal in that case as an unauthorized sanction under section 1050 because dismissal was an unavoidable and direct consequence of the denial of the continuance. (*Henderson, supra,* 115 Cal.App.4th at pp. 935–936.) The court concluded that section 1385, which allows a trial court to dismiss an action "in furtherance of justice," did not provide authority for dismissal of the action either. (115 Cal.App.4th at p. 936.) Comparing section 1382, the statute designating "speedy trial" time-limits, with the "speedy preliminary hearing" strictures of section 859b, the court noted that "both sections 1382 and 859b establish statutory limits to safeguard a defendant's constitutional right to a speedy trial." (*Id.* at p. 939.) Just as the statutory

6

limits in section 1382 establish a presumptively reasonable time period for speedy trial purposes, the court explained, so too do the statutory periods in section 859b "indicate a legislative policy that such periods constitute a reasonable time." (*Ibid.*) Thus, the court "conclude[d] that the trial court has no authority to dismiss an action, even when the People have failed to show good cause for a continuance under section 1050, so long as the requested date for the preliminary hearing is within the statutory time limit established in section 859b." (*Ibid.*)

The same reasoning applies here, even though section 1050 in terms does not. Indeed, there was even less justification for dismissal here than there was in *Henderson*, since whatever shortcoming the court found in the prosecution's continuance motion in this case did not rise to the level of a statutory violation. Although *Henderson* was a section 859b 10-day waiver case and thus implicated a different statutory time period—60 days from arraignment or plea, instead of 10 days from arraignment or plea—that court's rationale still fits this case by analogy. Section 859b establishes a presumption that continuances requested within the 10-day statutory speedy preliminary hearing time-period are reasonable, and, in the absence of any showing of prejudice from the defense, such motions should be granted without any requirement of advance notice or any showing of good cause. We recognize that a defendant has a right to a speedy preliminary hearing, but the prosecutor too has a strong interest at stake—" ' "the fair prosecution of crimes properly alleged" ' " (*People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, 531)—and thus, as the *Henderson* court explained, a " ' " ' "dismissal which arbitrarily cuts those rights without a showing of detriment to the defendant is an abuse of discretion." ' " ' " (*Henderson, supra,* 115 Cal.App.4th at p. 938, italics omitted.)[3]

_____

[3] Smith argues that this rationale, articulated in both *Henderson* and *Ferrer*, is ultimately rooted in *People v. Orin* (1975) 13 Cal.3d 937 (*Orin*), the lodestar California Supreme Court case construing section 1385. According to Smith, the reticence expressed in *Orin* toward section 1385 dismissals for lack of readiness applies only where the trial court would be dismissing charges supported by probable cause. Arguing that there was no indication in *Henderson* or *Ferrer* that the dismissed charges in those

We "recognize that our decision restricts the options available to the trial court in responding to a motion for continuance that is not properly noticed and is unsupported by good cause." (*Ferrer*, supra, 184 Cal.App.4th at p. 885.) But regardless of which side fails to meet the court's expectations for diligent attention to the calendar, the prosecution or the defense, "other sanctions, including fines and the filing of reports with appropriate disciplinary committees, are available . . . ." (*Ibid.*) Although thinly supported, eleventh hour continuance requests can be administratively disruptive, when the prosecution is the offending party " 'dismissal "is not appropriate, and lesser sanctions must be utilized by the trial court, unless the effect of the prosecution's conduct is such that it deprives the defendant of the right to a fair trial. [Citation.]" ' (*Henderson,* [*supra*, 115 Cal.App.4th at] p. 940, fn. omitted.) And, of course, the trial court may exercise its discretion in selecting the length of a continuance; it need not necessarily accede to the [moving party's] preferred date." (*Ferrer, supra,* at pp. 885–886.)[4]

---

cases were supported by probable cause (in fact, the hearing at issue in *Ferrer* occurred after a holding order issued), he contends that both cases were wrongly decided. We think he reads too much into *Orin*. The language from *Orin* that he emphasizes (see *Orin*, *supra*, 13 Cal.3d at pp. 946–947 ["appellate courts have shown considerable opposition to the granting of dismissals under section 1385 in instances where the People are thereby prevented from prosecuting defendants for offenses *of which there is probable cause to believe they are guilty as charged*"], italics added) appears to be dictum. No subsequent case in the 40-year body of precedent applying *Orin* relies upon that passage as a ground for its holding. In any event, we have no occasion to address the scope of a trial court's power to dismiss charges under section 1385 on a record where the court properly and correctly finds that the prosecution has failed to support a request for a continuance. Here, the prosecution was entitled to the continuance it requested.

[4] The court in *Ferrer* mentioned monetary sanctions authorized by section 1050.5, a form of lesser sanctions which would not be available in the setting we have here, given the inapplicability of section 1050. (*Ferrer, supra,* 184 Cal.App.4th at p. 885.) But rules governing when and how continuance requests are to be made and what is necessary to support them may be promulgated by local rule or courtroom rule (*People v. Ward* (2009) 173 Cal.App.4th 1518, 1528 ["As this court has observed, trial courts have the inherent power, derived from the state Constitution, to control the proceedings before them. [Citations.] The courts may adopt their own rules of procedure so long as those rules are not inconsistent with due process, statutes, or statewide rules of court."]), and any such

8

## CONCLUSION AND DISPOSITION

The issue presented here is a narrow one and so is our ruling. Because Smith did not and could not complain that his right to a speedy preliminary hearing under section 859b had been violated or demonstrate any other form of prejudice, it was an abuse of discretion to deny the prosecution's continuance request and order the charges against him dismissed. We therefore reverse the denial of the People's motion for continuance and the dismissal of the complaint. Upon remand, the 10-day period established by section 859b shall run from the date of issuance of the remittitur.

_____
Streeter, J.

We concur:

_____
Ruvolo, P.J.

_____
Reardon, J.

---

rules may be enforced, where appropriate, by imposing monetary sanctions under Code of Civil Procedure section 177.5, which applies in civil as well as criminal proceedings. (*Id*. at pp. 1527–1528; *People v. Tabb* (1991) 228 Cal.App.3d 1300, 1305–1310; *People v. Muhammad* (2003) 108 Cal.App.4th 313, 323–324.)

*People v. Smith* (A141407)

| | |
|---|---|
| Trial Court: | Sonoma County Superior Court |
| Trial Judge: | Hon. Knoel Owen |
| Counsel for Plaintiff and Appellant: | Jill R. Ravitch<br>District Attorney, County of Sonoma<br><br>William S. Mount<br>Deputy District Attorney |
| Counsel for Defendant and Respondent: | Jonathan Soglin, Executive Director<br>L. Richard Braucher, Staff Attorney<br>First District Appellate Project |