Filed 8/1/25  P. v. Superior Court (Reynoso) CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO
Ret

| | |
|---|---|
| THE PEOPLE, | |
| Petitioner, | E086287 |
| v. | (Super.Ct.Nos. RIF2301906 &FERI2502616) |
| THE SUPERIOR COURT OF RIVERSIDE COUNTY, | OPINION |
| Respondent; | |
| RENE REYNOSO, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDINGS; petition for writ of mandamus.  Brian McCarville, Judge.  Petition granted.

Michael Hestrin, District Attorney and David J. Allen, Deputy District Attorney, for Petitioner.

No appearance for Respondent.

1

Steven L. Harmon, Public Defender and Joseph J. Martinez, Deputy Public Defender for Real Party in Interest.

INTRODUCTION

Petitioner filed a petition for writ of mandate, seeking an order directing the trial court to vacate its order dismissing case No. RIF2301906 and reinstate the case. This court stayed proceedings and invited a response from respondent and real party in interest (RPI), notifying the parties that we were considering issuing a peremptory writ in the first instance pursuant to *Palma v. US. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 178. Having received and considered RPI's response, along with the petition and exhibits filed by petitioner, we determine it appropriate to issue a peremptory writ in the first instance.

FACTUAL AND PROCEDURAL HISTORY

In case No. RIF2301906, RPI is charged with one felony count of inflicting corporal injury on a spouse or domestic partner (Pen. Code[1], § 273.8, subd. (a)), one count of felony vandalism (§ 594, subd. (a)), and a misdemeanor count of false imprisonment (§ 236). The matter was set for trial on May 9, 2025, at 8:30 a.m. On that date, respondent court called the case at 8:35 a.m. The prosecutor was not present. The court asked the defense attorney if she knew where the prosecutor was, and the defense attorney said she believed there was some kind of family emergency from the day before that may have caused the delay. Respondent court stated, "[I]f the prosecutor didn't arrange to have somebody here today because of some issues, I'm surprised. I will wait

---

[1] Undesignated statutory references are to the Penal Code unless otherwise indicated.

2

until 8:40. If no one shows up, I'm going to dismiss the case, and make such an application for failure to prosecute." After a short recess, the court dismissed the case. The minute order shows the case "dismissed in the interest of justice" pursuant to section 1385.

According to her declaration, the prosecutor arrived at the courtroom around 8:43 a.m. In chambers, she asked the court to reconsider the dismissal and issue sanctions against her instead. The court declined.

## STANDARD OF REVIEW

The rulings at issue are based on the court's management of its docket and are reviewed under an abuse of discretion standard. (See *White v. Davis* (2023) 87 Cal.App.5th 270, 293.) "An abuse of discretion occurs if, in light of the applicable law and considering all of the relevant circumstances, the court's decision exceeds the bounds of reason and results in a miscarriage of justice. [Citations.] This standard of review affords considerable deference to the trial court provided that the court acted in accordance with the governing rules of law. We presume that the court properly applied the law and acted within its discretion unless the appellant affirmatively shows otherwise. [Citations.]" (*Safeco Ins. Co. of Am. v. Superior Ct.* (2009) 173 Cal. App.4th 814, 832–33.)

## DISCUSSION

Section 1238, subdivision (a)(8), authorizes an appeal from "[a]n order or judgment dismissing or otherwise terminating all or any portion of the action . . . ."

3

(§ 1238 (a)(8).) Under California law, extraordinary writ relief is only appropriate where "there is not a plain, speedy, and adequate remedy in the ordinary course of the law." (Civ. Proc. Code, §§ 1085, 1086.) "[A] party seeking review by extraordinary writ bears the burden of demonstrating that appeal would not be an adequate remedy under the particular circumstances of that case." (*Powers v. City of Richmond* (1995) 10 Cal.4th 85, 113.)

Petitioner contends that appeal is inadequate for three reasons: firstly, it is unlikely to conclude before the second case goes to trial, making the issue moot; secondly, the case is at risk of a second and final dismissal pursuant to section 1387; and finally, the case involves intimate partner violence where the victim may be at risk.

RPI, by contrast, contends that the mootness argument is speculative. Regarding the risk of a second and final dismissal, RPI contends that in such an event, section 1387 would be functioning exactly as intended, because forcing petitioner to defend his case on three fronts — appeal, writ, and refiled case — is unacceptable harassment. Thirdly, the fact that the case is of a particular kind, does not exempt it from the writ requirements. RPI adds one further argument: that other cases of this sort have been adequately handled on appeal, therefore, this appeal is similarly adequate here.

While we agree with RPI that cases of a particular kind are not exempt from the demonstration of inadequacy, we are otherwise unpersuaded and find that an appeal is an inadequate remedy in this instance. Although we cannot know for certain whether trial would conclude before the pending appeal could be decided, given that the case was on

4

the brink of trial when the issue arose, such an outcome is likely. RPI's argument to the contrary suggesting that it could take years to prepare the refiled case for trial would, if true, provide even more justification for providing relief through writ proceedings so such a delay and duplication of resources could be avoided. In addition, addressing the matter through a writ petition would not cause RPI to defend his case on multiple fronts, but would simply allow the matter to be resolved more expeditiously than can be accomplished through an appeal. Lastly, just because an appeal was an adequate remedy in other cases, does not make it so here. For the reasons discussed above, we find in this case appeal does not provide an adequate remedy, we therefore address petitioner's claim through their writ petition.

We review the trial court's dismissal of charges under section 1385 for abuse of discretion. (*People v. Smith* (2016) 245 Cal.App.4th 869, 873.) As relevant here, section 1385, subdivision (a), states, "The judge or magistrate may, either on motion of the court or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed. The reasons for the dismissal shall be stated orally on the record. The court shall also set forth the reasons in an order entered upon the minutes if requested by either party or in any case in which the proceedings are not being recorded electronically or reported by a court reporter."

In *People v. Henderson* (2004) 115 Cal.App.4th 922, 936, this court held that judicial power in section 1385 was limited by the language, "in furtherance of justice." Consequently, we concluded, "To give effect to this language in section 1385, courts

5

must balance the constitutional rights of the defendant against the interests of society as represented by the People." (*Ibid.*) "[N]either judicial convenience, court congestion, nor judicial pique, no matter how warranted, can supply justification for an order of dismissal." (*Id.* at p. 939.)

Here, it does not appear the constitutional rights of the defendant were balanced against the interests of society as represented by the People. Rather, it appears the case was dismissed for the sole reason that the prosecutor was not present when the case was called. The matter was still within the statutory time limits for trial when it was dismissed, and there is nothing in the record to suggest that the defendant's rights would have been detrimentally affected by placing the matter on second call or setting the matter at some date within the prescribed statutory limit. Even if the court was justified in dismissing the case in the absence of any appearance by the People, when the prosecutor appeared minutes after the dismissal and asked the court to reconsider its order, the court's refusal to consider other, less onerous sanctions does not reflect the balancing of society's interest required by *Henderson.* In this regard, the respondent court abused its discretion, and its dismissal order should be reversed.

The only issue remaining is how to effectuate the remedy with another duplicate complaint pending in the trial court. Although there is no statutory procedure for dismissing a duplicate complaint without invoking the "two dismissal rule" in section 1387, at least one court has recognized that the desired result could be achieved by consolidating the pleadings pursuant to section 954 under the newly filed complaint

6

number, then striking the duplicate counts.  (*People v. Elias* (1990) 218 Cal.App.3d 1161, 1164.)  We find such an approach would be appropriate in this case.

DISPOSITION

Let a peremptory writ of mandate issue directing the respondent court to (1) vacate its order dismissing case No. RIF2301906, (2) reinstate case No. RIF2301906; and (3) consolidate it with case No. FERI2502616.  The stay issued on June 30, 2025, is lifted. The appeal in case No. E086200 shall be disposed of through a separate order.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON<br>
J.

We concur:


McKINSTER<br>
Acting P. J.


MILLER<br>
J.

7