*Supp. 3 Opinion
THE COURT.*
Apolonio Arias (petitioner) petitioned for writ of mandate to compel the trial court to grant his motion to dismiss based on failure to bring the matter to trial within the time specified by Penal Code section 1382. On August 13, 2007, defense counsel entered a general time waiver on petitioner’s behalf in open court. The matter was set for pretrial on September 17, 2007, and no trial date was set. On August 17, 2007, petitioner filed a pleading captioned “Withdrawal of General Time Waiver.” No further action was taken until September 17, 2007, the date previously set for pretrial. When counsel appeared for pretrial on September 17, 2007, defense counsel contended it was the last day to bring petitioner to trial pursuant to Penal Code section 1382, subdivision (a)(3)(A), in that it was the 30th day after revocation of the general time waiver. The trial court set a trial date of October 9, 2007, and denied petitioner’s subsequent motion to dismiss and motion for reconsideration. Petitioner sought a writ of mandate from this court. This court issued a stay, invited the People to respond and set the matter for hearing.
After consideration of the People’s response and oral argument by both parties, we conclude the writ should be granted in this case for the reasons discussed below. Penal Code section 1382, subdivision (a)(3)(A) provides that a general waiver of the 30-day or 45-day trial requirement entitles the court to set or continue a trial date without the sanction of dismissal should the case fail to proceed on the date set for trial. The statute further provides that “[i]f the defendant, after proper notice to all parties, later withdraws his or her waiver, the defendant shall be brought to trial within 30 days of the date of that withdrawal.” (Ibid.) The statute does not specify that withdrawal must be made in open court, or specify any length of notice that is required before the withdrawal becomes effective. In this case the record indicates petitioner served the notice of withdrawal on the People prior to filing of the notice with the court, in that the district attorney’s file stamp appears on the file-stamped copy of the withdrawal. Therefore, the withdrawal was made “after notice” on the People, albeit very short notice. Had the Legislature intended to limit the method of giving of notice of withdrawal, or to require a specific minimum period of notice prior to the effective date of the withdrawal, it could have included such specific requirements in the language of Penal Code section 1382. Lacking such statutory language, we must conclude that petitioner in this case complied with the statutory provision and successfully withdrew his general waiver.
We recognize that our conclusion could have a substantial impact on operation of the trial courts. It is not inconceivable that service of notice of *Supp. 4 withdrawal in the manner employed in this case could place a significant burden on the People and the trial courts to schedule and commence trials within the 30-day period. Nonetheless, a criminal defendant’s constitutional right to a speedy trial, codified in Penal Code section 1382, cannot be infringed for the convenience of the court, the People, or their witnesses. It is incumbent on the trial courts and the People to provide a defendant with a speedy trial when one is demanded. We leave to those entities creation of the means by which to do so.
Let a writ of mandate issue, compelling the trial court to grant petitioner’s motion to dismiss the complaint.

Margines, P. J., Prickett, J., and Moss, J.