Filed 11/14/19

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| BRANDON DAWS, <br><br>     Petitioner, <br><br> v. <br><br> THE SUPERIOR COURT OF CONTRA COSTA COUNTY, <br><br>     Respondent; <br><br> THE PEOPLE, <br><br>     Real Party in Interest. | A157383 <br><br> (Contra Costa County <br> Super. Ct. Nos. 41949429, 51907492) |

Penal Code section 1382 requires a defendant to provide "proper notice" to all parties before withdrawing a time waiver in open court, but does not specify the type of notice that is "proper" under the statute. (Pen. Code, § 1382, subd. (a)(3)(A).)[1] Faced with this undefined notice provision, the trial court required defendant Brandon Daws to provide two days' written notice before withdrawing his time waiver in open court. Daws seeks writ relief, arguing the oral notice he provided shortly before the calling of his case was "proper notice" under section 1382.

Seeing no error, we shall deny the writ. We conclude that trial courts have inherent authority to determine by local rule or as a matter of courtroom practice what "proper notice" under section 1382 means, so long as the required notice is consonant with the defendant's right to a speedy trial under article I, section 15 of the California Constitution and the Sixth Amendment of the United States Constitution, as implemented by section 1382. We hold that two days' written notice meets that standard.

---

[1] Unless otherwise noted, all statutory references are to the Penal Code.

# BACKGROUND

In November 2018, the prosecution filed a misdemeanor complaint charging Daws with violating Health and Safety Code sections 11359, 11360, subdivision (a), and 11377; and Vehicle Code section 14601.5, subdivision (a). At the arraignment hearing, Daws waived his statutory right to be brought to trial within 45 days. (See § 1382, subd. (a)(3).)

On the morning of February 22, 2019, during an off-the-record conversation in the judge's chambers, Daws's counsel provided oral notice to the court and the prosecutor that his client intended to withdraw his time waiver and invoke his right to a speedy trial on the record when the case was called. During the court hearing that followed shortly afterward, counsel announced Daws was pulling his time waiver and requested a trial date within 30 days. The trial court rejected this request, explaining that Daws must provide two days' written notice to the prosecution before withdrawing his time waiver.

The court scheduled trial for 80 days later, but invited Daws's counsel to provide two days' written notice to the prosecution if his client wished to insist upon withdrawing his time waiver and having an earlier trial date. Daws declined to do so, made no further attempt to withdraw his time waiver, waited for 30 days to elapse, and then filed a motion to dismiss, arguing that the prosecution failed to bring him to trial within 30 days after his attempt to withdraw his time waiver on February 22. The trial court denied the motion.

Daws then petitioned for writ relief in the appellate division of the superior court. In a split decision, the appellate division affirmed the order denying Daws's motion to dismiss. The two-judge majority explained that the "proper notice" required by section 1382 "must mean notice sufficient to allow all parties to determine witness availability so that 'after,' when the trial date is set 'in open court,' the court and counsel can select a proper trial date – a critical matter when trial is to be set within a short 30-day time frame."

The majority took the view that the oral notice provided by Daws was inadequate: "Same-day oral notice right before a district attorney is to appear for the People at a pretrial hearing is notice in form, not substance. It is not calculated or practically effective to allow any meaningful contact with witnesses. A district attorney due in court

2

for multiple cases cannot act on such notice in that moment by contacting witnesses and determining their availability before the hearing. Such 'notice' thus defeats, not serves, the goal of determining witness availability and responsible trial setting. It is, essentially, for purposes of responsible trial setting, useless notice. We decline to ascribe to the legislature the intent to make 'proper' synonymous with 'useless.' "

Disagreeing that the requirement of "proper notice" in section 1382 is tied to ascertaining witness availability, the dissenting judge read the proper-notice requirement "simply as the notice required to ensure that the People have actual knowledge that the time waiver is being withdrawn, so that they can ensure that a trial is set within the deadline." The dissent concluded: "As the record is minimally developed on the sufficiency of the notice on this definition of 'proper,' [I] would grant the writ and send the case back to the trial court for a new hearing on the motion to dismiss, so the court could decide whether the notice given was 'proper' based on the actual circumstances of the case, and not on a two-day rule found nowhere in the statute, in any local rule, or in any other available or authoritative source."

At that point, Daws unsuccessfully filed a petition for a writ of mandate or prohibition in this court. After we denied relief, the Supreme Court granted a petition for review and transferred the matter to us with directions to vacate our order denying Daws's writ petition, and to issue an order to show cause why relief should not be granted. We issued an order to show cause, and the matter is now before us for decision. Once again, we shall deny writ relief, this time with an explanation.

## DISCUSSION

"Under article I, section 15 of the California Constitution and the Sixth Amendment of the United States Constitution, a criminal defendant has the right to a speedy public trial. This right protects the defendant " ' "from having criminal charges pending against him an undue length of time." ' " (*People v. Lewis* (2001) 25 Cal.4th 610, 628-629.) To implement this constitutional right, the Legislature enacted section 1382. (*Id.* at p. 629.) Under section 1382, a defendant charged with a misdemeanor must face trial within 30 days after his arraignment or plea if he is in custody, or within 45 days if he is not in custody. (§ 1382, subd. (a)(3).)

3

Section 1382 also allows a defendant to waive his right to be brought to trial within the 30- or 45-day time limit. (§ 1382, subd. (a)(3)(A).) If a defendant has waived this right, section 1382 permits him to withdraw the waiver at a later time: "If the defendant, after proper notice to all parties, later withdraws, in open court, his or her waiver in the superior court, the defendant shall be brought to trial within 30 days of the date of that withdrawal."[2] (*Ibid.*) "Upon the withdrawal of a general time waiver in open court, a trial date shall be set and all parties shall be properly notified of that date." (*Ibid.*)

Arguing that he suffered a violation of his right to a speedy trial, Daws contends that his "verbal notice to the prosecution at the pretrial conference held in chambers prior to the commencement of in-court proceedings provided actual notice of [his] intention to invoke his speedy trial right and request that trial commence within 30 days. . . . This verbal notice fulfilled the requirements of both the language and intention of section 1382." The Contra Costa County District Attorney responds that the two-day notice requirement adopted by the court was appropriate, "given the process and procedures used in every other situation in which a criminal defendant is required to give notice before asserting any right in open court." If the district attorney is correct, there was no speedy trial violation because Daws failed to withdraw his time waiver in the manner prescribed by section 1382.

We think the district attorney has the better of the argument.

As with so many statutory interpretation issues that turn on broad, open-ended terms, we begin with a recognition that the Legislature deliberately left section 1382's notice requirement undefined. In this situation—absent a procedure specified by statute or rule of court—a trial court possesses inherent authority to adopt any suitable procedure that appears "most conformable to the spirit" of the statute under which it is operating. (Code Civ. Proc., § 187; *People v. Superior Court (Morales)* (2017) 2 Cal.5th 523, 531-

---

[2] Section 1382 contains a similar requirement for defendants seeking to withdraw a time waiver in felony cases, except that a defendant charged with a felony must be brought to trial within 60 days of the date of the withdrawal. (§ 1382, subd. (a)(2)(A).)

4

532 [applying Code of Civil Procedure section 187 in criminal case]; see also *People v. Smith* (2016) 245 Cal.App.4th 869, 878, fn. 4 [discussing trial courts' inherent authority to adopt local rules and courtroom rules].)  In our view, the trial court's reading of section 1382 conforms to the spirit of section 1382.

We review the court's exercise of its inherent authority for abuse of discretion, bearing in mind that " 'the determination of whether the trial court selected the proper legal standard[] in making [a discretionary] determination is reviewed de novo.' " (*Fox v. Superior Court* (2018) 21 Cal.App.5th 529, 533.)  Exercising our independent judgment on the predicate question of statutory construction presented here, four considerations lead us to conclude that the trial court's interpretation of section 1382, subdivision (a)(3)(A) was correct, and that, as a result, the trial judge did not abuse her discretion in adopting what, in effect, amounts to a courtroom rule of practice under section 1382.

First, strictly as a matter of textual analysis, the trial court's reading of section 1382 conforms with the rule against surplusage in statutory construction (*People v. Valencia* (2017) 3 Cal.5th 347, 357), while Daws's proposed reading does not.  By requiring that notice be given with a minimal level of formality, the trial court's construction gives independent meaning to the word "proper."  (See Merriam-Webster's Collegiate Dict. (11th ed. 2007) p. 996, col. 1 [defining "proper" as "marked by suitability, rightness, or appropriateness"].)  Second, looking to the structure of the statutory wording, the trial court's two-day written notice requirement is consistent with the statute's treatment of "proper notice" and the withdrawal of time waivers in open court as separate events.  Under the court's construction, time waivers must be withdrawn in open court, but only *after* meaningful advance notice has been given.  By contrast, under Daws's proposed construction, as a practical matter, these two events may be one and the same, since even whispered notice in open court seconds before announcing the withdrawal counts as "proper" notice.

Third, the trial court's construction of section 1382 facilitates its mandatory obligation under the statute to set a trial date immediately upon a defendant's withdrawal of a time waiver.  (See § 1382, subd. (a)(3)(A) ["Upon the withdrawal of a general time

5

waiver in open court, a trial date *shall* be set and all parties shall be properly notified of that date." (Italics added.)].) Without sufficient notice in advance, the prosecutor—who in many situations will be managing a large inventory of misdemeanor prosecutions— may be forced to agree to a trial date without a full understanding of his or her own availability, or the availability of witnesses. Fourth, the court's determination is in line with the general requirement in criminal cases for parties to notice all pretrial motions prior to the hearing date. (See Cal. Rules of Court, rule 4.111; Super. Ct. Contra Costa County, Local Rules, rule 4.1(c).) Notably, a two-day notice rule is the same rule that applies in the related situation of a motion to continue a criminal trial. (See § 1050, subd. (b).)

Daws relies principally on the appellate division opinion in *Arias v. Superior Court* (2008) 167 Cal.App.4th Supp. 1 (*Arias*) and the Legislature's decision to amend section 1382 in response to *Arias*. That amendment, Daws argues, evidences legislative intent that same-day oral notice is proper notice. We do not agree. The court in *Arias* examined the prior version of section 1382, which did not yet require that the withdrawal of a time waiver take place in open court. (*Ibid.*; see former § 1382, amended by Stats. 2009, ch. 424, § 1.) The defendant in *Arias*, after entering a general time waiver, filed a pleading on August 17, 2007, captioned "Withdrawal of General Time Waiver." (*Arias*, *supra*, at p. 3.) "When counsel appeared for pretrial on September 17, 2007, defense counsel contended it was the last day to bring petitioner to trial pursuant to . . . section 1382, subdivision (a)(3)(A), in that it was the 30th day after revocation of the general time waiver." (*Arias,* p. 3.) The trial court set a trial date beyond the 30th day, and then denied the defendant's motion to dismiss for lack of a speedy trial. (*Ibid.*)

The appellate division disagreed with the trial court and issued a writ of mandate directing the court to grant the motion to dismiss. The appellate division observed that the then-current version of section 1382 "does not specify that withdrawal must be made in open court, or specify any length of notice that is required before the withdrawal becomes effective." (*Arias, supra,* 167 Cal.App.4th Supp. at p. 3.) The appellate division then explained: "In this case the record indicates petitioner served the notice of withdrawal on the People prior to filing of the notice with the court, in that the district

attorney's file stamp appears on the file-stamped copy of the withdrawal. Therefore, the withdrawal was made 'after notice' on the People, albeit very short notice. Had the Legislature intended to limit the method of giving of notice of withdrawal, or to require a specific minimum period of notice prior to the effective date of the withdrawal, it could have included such specific requirements in the language of . . . section 1382. Lacking such statutory language, we must conclude that petitioner in this case complied with the statutory provision and successfully withdrew his general waiver." (*Arias,* p. 3.)

In response to *Arias*, the Legislature amended section 1382 to add the requirement that a defendant withdraw a time waiver "in open court." The author of the amendment explained the reason for the revision he sponsored: " 'Prosecution offices are facing increased workloads due to the filing of more cases and reductions in the number of deputy district attorneys because of fiscal difficulties. For these reasons, vertical prosecution (one deputy handles the case from charging to sentencing) is even more rare than it used to be, especially in garden-variety cases. As a result, deputies are handling large numbers of case files at any given time, and they often see the file for the first time only a few days before the next scheduled proceeding. If a general time waiver is filed only in writing and not in open court, the distinct probability exists that it will be placed in the file, only to be seen a few days or hours before the 30- or 60-day period lapses.' " (Assem. Com. on Public Safety, Analysis of Assem. Bill No. 250 (2009-2010 Reg. Sess.) as amended May 7, 2009, p. 2.)

Because the Legislature simply added the open court requirement without otherwise changing what is required for notice, Daws argues that the same-day notice provided by the defendant in *Arias* remains proper under the current statute. We view the Legislature's response to *Arias* differently. In debating the amendment to section 1382, the Legislature was aware that an undefined notice requirement could contribute to the problem of a prosecutor not receiving actual notice of a defendant's withdrawal of a time waiver. (See Sen. Rules Com., Off. of Sen. Floor Analysis, 3d reading analysis of Assem. Bill No. 250 (2009-2010 Reg. Sess.) as amended May 7, 2009, p. 3 ["The problem is statutes fail to specify that a withdrawal must be made in open court nor do they specify a minimum period of notice before the withdrawal becomes effective."].)

7

But the Legislature declined to address the specifics of notice, instead adding only that time waivers must occur in open court.

It is an overreading of this Legislative history to conclude "proper notice" means any mode of notice that supplies actual notice, so long as the withdrawal of a time waiver occurs in open court. That may be a plausible interpretation of the statute, but it is not a reasonable one. By leaving in place the open-ended requirement of "proper notice," the Legislature avoided specifying a particular notice rule and left the courts to determine the mode and timing of notice that must precede the announcement of the withdrawal in open court. Whatever policy considerations led the Legislature to enact the language it did, the dispositive consideration is that the language of section 1382, subdivision (a)(3)(A) does not *mandate* a particular notice rule. Instead, the statute leaves room for the Judicial Council to adopt a state-wide rule defining proper notice, which we would urge it to do to ensure that defendants and their counsel have advance knowledge of the required notice procedure to be followed.[3]

We need not here attempt to say what the outer boundary of such a rule might be. All we hold is that in the absence of a uniform state-wide rule or a local rule of court,[4]

---

[3] No such rule presently exists in Contra Costa County, and the record does not reflect whether there is a local custom or courtroom practice of which counsel should have been aware requiring advance written notice of the withdrawal of a time waiver. Assuming there was no such custom or practice, the trial court in this case appears to have adopted her own protocol by advising counsel at the February 22 hearing that he could provide written notice, then return two days afterward to put the withdrawal on the record. Had counsel provided written notice on February 22, there is no reason to assume a trial date would not have been set within 30 days of the subsequent withdrawal in open court or, indeed, within 30 days of his written notice. Counsel instead opted to challenge the validity of the two-day notice requirement, which we now uphold. The effort to use this case as a vehicle to gain clarity on the "proper notice" requirement seems to us a perfectly legitimate goal. But we see no reason to dismiss the case as a reward for doing so, especially since Daws waited to seek writ relief until after 30 days had elapsed—which does not suggest a genuine concern for any need to move to trial rapidly—rather than filing his petition immediately after the February 22 hearing.

[4] See Government Code section 68070, subdivision (a) (authorizing every superior court to "make rules for its own government and the government of its officers not inconsistent with law or with the rules adopted and prescribed by the Judicial Council").

individual trial courts are empowered to determine what is reasonable in light of local practice.  It may be accepted practice in some courts for defendants to provide informal notice of their intent to withdraw a time waiver on the same day time is pulled.  We do not question the authority of those courts to continue following that approach in the absence of any rule to the contrary, should they deem it most fitting for their local conditions and circumstances.  Nor do we question the court's authority to require reasonable advance notice in this case, as we have explained.  The only constraint is that whatever definition of "proper notice" is adopted, it must be consistent with the right of speedy trial under article I, section 15 of the California Constitution and the Sixth Amendment of the United States Constitution, as implemented by section 1382.  We have no trouble concluding that two days' written notice prior to announcing the withdrawal of a time waiver in open court meets that standard.

## DISPOSITION

The petition for writ of mandate, prohibition, or other appropriate relief is denied.

STREETER, J.

WE CONCUR:

POLLAK, P. J.
BROWN, J.

9

| | |
|---|---|
| Trial court: | Contra Costa County Superior Court |
| Trial judge: | Honorable Judy Johnson |
| Counsel for petitioner: | Robin Lipetzky, Galen Currens, Maya Nordberg, and Anthony Gedeon, Public Defenders |
| Counsel for respondent: | No appearance |
| Counsel for real party in interest: | Diana Becton, District Attorney, Ryan Wagner, Deputy District Attorney, and Amber White, Certified Law Clerk |

A157383

10